CASE 23—PETITION ORDINARY—JUNE 20.

## Morrow vs. Mason's heirs.

APPEAL FROM UNION CIRCUIT COURT.

Husband and wife resided upon a lot, owned by the wife, upon which there were a building and other improvements, a portion of which were made by him after the marriage. She died in July, 1854, having had no child by him, and leaving him in possession of the property. He administered upon her estate and rented out the property until the end of that year, and in January, 1855, he again rented it.

In April, 1855, the house, whilst occupied by his tenant, and after possession had been demanded of him by the heirs at law of the wife, (her children by a former marriage,) was consumed by fire. The heirs sued the husband and his tenant to recover the value of the premises so destroyed. *Held*—That however tortious the possession of the husband may have been, it did not constitute him an insurer of the property, or render him liable to the owners for an accidental destruction of it ; but that he was liable for the value of the property destroyed only in the event that the fire was occasioned by, or was the result of, the negligence or carelessness of himself or tenant.

L. W. POWELL and JAMES HARLAN for appellant.

B. &. J. MONROE, for appellees, cited 2 *B. Mon.*, 100 ; 4 *Kent*, 117 ; 6 *Jacob's Law Dic.*, 291, *title Trespass* ; 3 *Litt.*, 29 ; 9 *Louisiana Rep.*, 213 ; 12 *B. Mon.*, 416 ; *Law Lib.*, *vol.* 53, *Archbold on Tenancy, side page* 85 ; *Ib.*, *side page* 217, *referring to* 1 *Barn. & Adol.*, 321 ; 6 *B. Mon.*, 48, 49 ; 2 *J. J. Mar.*, 263 ; 1 *Dana*, 15.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT :

In 1853, the appellant, Morrow, intermarried with Mrs. Harriet Mason, who was the owner of a lot in Uniontown, upon which she had built a frame dwelling. After the marriage, Morrow made some additions to the building and various other improvements upon the lot. The premises were occupied by them as a family residence. In July, 1854, Mrs. Morrow died, having had no child by her last marriage, leaving her husband in possession of the property. Morrow, who administered upon her estate, rented out the property until the end of the year, and in January, 1855, he again rented it to Safford, who subsequently let a portion of the house to Owen. The house, whilst thus occupied by Safford and Owen, was consumed by fire in April, 1855.

Soon afterwards, the appellees, Mason and others, who are the children and heirs at law of Mrs. Morrow, brought this action against Morrow, Safford, and Owen, to recover the value of the premises so destroyed. They allege that they demanded the possession of the house and lot, after the death of their mother, from Morrow, who refused to deliver it, but continued to hold the possession, wrongfully and illegally, until, by the carelessness and negligence of the occupants, the buildings were destroyed by fire. The plaintiffs, therefore, claim that they are entitled to recover the value of the buildings, as well

on account of the alleged negligence of the occupants, as on account of the illegal and wrongful holding of the defendants, who thereby became, as alleged, *insurers* of the property, and liable, upon that ground, for its value.

Morrow answered, denying that the house was burnt in consequence of the negligence of his tenants, but says the burning was the result of unavoidable accident. He says that the improvements made by him upon the lot were made at the request of his late wife, and that they were necessary to put the premises in a condition to be used by them as a residence; and that he rented out the property in good faith, as the admin‑istrator of his wife, under the belief that he had a right to do so, and that the occupancy of it was advantageous to the own‑ers. He denies that possession of the premises had ever been demanded of him.

Upon the first trial of the case there was a verdict for $1,000 against Morrow. At his instance a new trial was granted, which resulted in a verdict for the plaintiffs for $1,500. Judg‑ment was rendered according to the verdict, and the motion of the defendant for a new trial having been overruled, he has appealed to this court.

Upon the question whether the fire was the result of acci‑dent, or of the negligence and carelessness of the tenants in possession, there was some contrariety in the evidence. And the only evidence of the alleged demand of the possession consisted of the service upon Morrow of process which issued in a suit in equity, brought by the plaintiffs for the purpose of obtaining a judgment for the sale of the real estate, (including the house and lot in contest,) which descended to the plaintiffs from their mother.

The court instructed the jury, at the instance of the plain‑tiffs, that Morrow, under the facts stated, became tenant by sufferance, and that such tenancy could only be terminated by one month's notice in writing, to surrender the possession, and that, until such notice had been given, Morrow was liable for the destruction of the property only in case such destruction resulted from the negligence of Morrow or his tenants; but that the filing of the amended petition in the suit in equity referred

to, and the service of the process in that suit on Morrow, would have the effect to put an end to the tenancy in one month after such service; and if Morrow still continued to hold possession after that time, his holding was illegal; "and if, after such illegal holding began, and whilst in possession of Morrow or his tenants, the house, &c., was destroyed by fire, then the law is for plaintiffs, and they should find the reasonable value of the house destroyed, at the time of the burning, against defendant Morrow."

Other instructions, to the same effect, but in language slightly different, were given at the instance of the plaintiffs, and the last so given is, "that unless they shall believe that the house was burnt by the negligence and carelessness of the defendants, the law is for the defendants, and they must so find." This instruction is in direct opposition to the principles embodied in those which had preceded it, and if the latter correctly propounds the law of the case, it is clear that the former do not, and are erroneous.

Whether the possession of the property by Morrow, after the death of his wife, was that of a tenancy by sufferance, and whether he was entitled to one month's notice to surrender the possession, or whether the service of process in the suit in equity amounted to such notice, under the statute, are questions which it is deemed wholly unnecessary to discuss. For, however tortious the possession of Morrow may have been, it is clear that it did not constitute him an insurer of the property, or render him liable to the owners for an accidental destruction of it. We have been referred to no adjudged case, or other authority, in which any such principle has ever been recognized, and none, we imagine, is to be found.

The counsel for the appellees attempt to maintain the liability as contended for upon the principle laid down by this court in numerous cases, in which it has been held that a party guilty of the conversion of a slave or other chattel is liable for any injury to such chattel, after the conversion, whether arising from the act of God or of third persons. But it is obvious that there is no sort of analogy between the cases. The party guilty of the conversion of a personal chattel is

liable, immediately upon the conversion, to the owner in damages for the value of the thing converted, and the recovery of such damages by the owner invests the defendant with the title to the thing converted. No such consequences, no such rights on the one hand, or liability on the other, are incident to the case of an illegal or tortious possession of land.

Our opinion is, that, upon the facts of this case, Morrow was liable for the value of the property destroyed only in the event that the fire was occasioned by, or was the result of, the negligence or carelessness of Morrow or of his tenants, and the jury should have been instructed accordingly.

We are inclined to the opinion that Morrow's occupancy of the property, after the death of his wife, was not, strictly and technically, that of a tenant by sufferance, and that, as the fire occurred after he had been served with process upon the amended petition in which the plaintiffs had demanded a surrender of the possession, he was liable for the destruction of the property which resulted, whether arising from his own negligence or from that of the persons whom he had put into the possession, provided the fire was the result of such negligence, and not of accident.

It is hardly necessary to say that the instruction in which the jury are directed to construe and to determine the effect of the pleadings, is erroneous.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, and for further proceedings in conformity with the principles of this opinion.