VIRGINIA C. SPAULDING *vs.* MARGARET G. McCONNELL, executrix.

SAME *vs.* HUGH McCONNELL, executor.

Hampshire. September 18, 1940. — October 31, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Probate Court*, Jurisdiction. *Executor and Administrator*, Extension of time for bringing action.

A Probate Court, after having granted under G. L. (Ter. Ed.) c. 197, § 9, an extension of time for the bringing of an action against an executor, has no power to entertain and to allow a petition, filed within the extended time but after the expiration of one year from the time of the approval of the executor's bond, for a further extension of time.

Two PETITIONS, filed in the Probate Court for the county of Hampshire on September 8, 1939.

From decrees entered by order of *Welch*, J., the respective respondents appealed.

*J. H. Finn*, for Hugh McConnell, executor, submitted a brief.

No argument nor brief for the petitioner.

Cox, J. These two appeals from decrees of the Probate Court present identical questions as to the construction of a portion of G. L. (Ter. Ed.) c. 197, § 9. Although no briefs were filed in the first case, the executor in the second case has presented his argument, and we think that both appeals should be disposed of upon their merits.

Except for the fact that the bond of the executrix in the first case was approved on July 5, 1938, and that of the executor in the second case on June 7, 1938, the facts are identical.

Way Spaulding and Virginia C. Spaulding, on May 25, 1939, petitioned the Probate Court for an allowance of further time for bringing actions against the respective estates, as provided in said § 9. No question is raised whether those petitioners had claims upon which to base actions.

On June 2, 1939, by decrees in each case, the time within which actions might be brought was extended to and including September 30, 1939. Virginia C. Spaulding, on September 8, 1939, filed a petition, in each case, in which the earlier extension of time was set out and prayed that further time might be allowed, and on September 22, 1939, by decree in each case and based upon the last described petitions, the time for bringing the actions referred to therein was extended to and including January 31, 1940. The judge of probate filed in each case a report of material facts, a "report of additional material facts" and a "modification of additional report of material facts." It appears from the report of "additional material facts" that, at the hearing on the first set of petitions, the judge of probate was not inclined to grant extensions for the full period allowable under the statute in question, and suggested that if the extensions that were made proved to be insufficient, "counsel for petitioners could later file a motion for a further extension"; that at the time of the hearings on the second petitions the judge of probate decided that "the further extension requested was reasonably required by the petitioner, that it was sought . . . in good faith, and that an extension to and including January 31, 1940 [the date to which the time was, in fact, extended], would not interfere with the orderly administration of said estate."

G. L. (Ter. Ed.) c. 197, § 9, provides that "an executor or administrator, after having given due notice of his appointment, shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust, or to such an action which is commenced but not entered within said year unless before the expiration thereof the writ in such action has been served by delivery in hand upon such executor or administrator or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of pro-

bate. An executor, administrator or administrator de bonis non shall not be held to answer to an action by a creditor of the deceased which is commenced but not entered within any other or additional period of limitation for bringing such action provided by or under this chapter unless before the expiration of such period the writ in such action has been served by delivery in hand upon him or service thereof accepted by him or a notice as aforesaid has been filed in the proper registry of probate. The probate court may allow creditors further time for bringing actions, not exceeding two years from the time of the giving of his official bond by such executor or administrator, provided that application for such further time be made before the expiration of one year from the time of the approval of the bond." Prior to 1914, as appearing in R. L. c. 141, § 9, it was the law that an executor or administrator, after having given due notice of his appointment, could not be held to answer to an action by a creditor of the deceased that was not commenced within two years from the time of his giving bond for the performance of his trust, with certain exceptions not here material. By St. 1914, c. 699, § 3, the law was amended by providing that such an action must be commenced within one year, instead of two, and by adding what now appears (in all material respects) in the last sentence of G. L. (Ter. Ed.) c. 197, § 9. St. 1931, c. 417, § 1, added provisions which now appear in the statute in question relating to the requirements as to service of writs in actions against an executor or administrator. See St. 1933; c. 221, § 4.

Before the amendment by St. 1914, c. 699, § 3, it was said in *Stebbins* v. *Scott*, 172 Mass. 356, at page 362: "The special statute of limitation of actions against the representatives of the estates of deceased persons was enacted for the purpose of insuring the speedy settlement of the estates. All causes of action which have accrued within the time limited must be prosecuted within that time or they are barred. An executor or administrator has no power to waive the special statute of limitations." It would seem that the Legislature had this declared purpose in

mind when, in 1914, it reduced the time within which such actions could be brought from two years to one and added the provision for the allowance of further time by the court, "provided that application for such further time be made before the expiration of" that one year. The declaration of the purpose to expedite the settlement of estates, which this court had said was inherent in the law as it stood before 1914, is equally applicable to the amendment of 1914.

There is no ambiguity in the language of this proviso. It must be interpreted according to the intent of its makers to be ascertained from the words used, considered in connection with the subject matter, the preëxisting state of the law, the condition to be remedied and the main object to be accomplished. *National Fire Ins. Co.* v. *Goggin*, 267 Mass. 430, 436. In *Opinion of the Justices*, 254 Mass. 617, it was said, at page 620: "It is a cardinal rule of interpretation that '. . . where a provision, general in its language and objects, is followed by a proviso, the rule applicable to such cases occurring in statutes has been applied to constitutions, viz.; that the proviso is to be strictly construed, as taking no case out of the provision that does not fairly fall within the terms of the proviso, the latter being understood as carving out of the provision only specified exception, within the words as well as within the reason of the former.'"

We are of opinion that the plain meaning of the words used in that part of the statute in question is that, unless an application for an extension of time is made before the expiration of the one year, the Probate Court has no power to act. In *Attleboro Trust Co.* v. *Commissioner of Corporations & Taxation*, 257 Mass. 43, the statute under consideration provided, among other things, that no certificate for the abatement of any tax should be issued "unless application therefor is made to the commissioner within two years after the date of the bill for said tax or excise . . . ." It was said at page 51: "The two years after the date of the tax bills in which applications could be made could not be limited or shortened by the commissioner." In *Robinson* v. *Donaldson*, 251 Mass. 334, it was held that a judge

of the Superior Court had no power to relax the terms of the statute requiring that an appeal from a final decree in a suit in equity "shall forthwith be entered in the Supreme Judicial Court," and at page 336, it was said: "The appealing party must bring himself within those terms." See *Stanwood* v. *Adams Garage Inc.* 281 Mass. 452; *Flood* v. *Grinnell*, 286 Mass. 214.

In the case of *Bray* v. *Bray*, 263 Mass. 141, decided in 1928, this court had before it a state of facts somewhat similar to those in the cases at bar. In that case the bond was approved December 22, 1925. After one petition, filed within the year, for an extension of time for bringing suit had been granted, a petition for the appointment of an administrator *de bonis non* was filed. Before this petition was acted upon, a second petition for extension of time for bringing suit was filed, but after the expiration of the year. The time was extended under this petition and the administrator *de bonis non* was appointed on the same day. His bond was approved on April 12, 1927. Thereafter, the time for bringing suit was extended by decrees passed upon two subsequent petitions, the last extension being to February 20, 1928. It was said in that case, at page 143: "Said § 9 makes the date of filing the application the decisive point of time, and not the entry of the decree. . . . Only the points argued by the appellant have been considered, and they present no ground for reversal." An examination of the papers in this case discloses that the appellant did not raise the question that is involved in the cases at bar, that is, whether a petition to extend the time for bringing suit could be entertained if filed after the expiration of the year.

It is true that the fact is reported that, at the first hearing, the judge suggested that counsel for the petitioners could later file a motion for a further extension. If it be assumed, without deciding, that in appropriate circumstances such a motion could be entertained, no such motion in fact was filed, and the decrees that were entered on the petitions that were first filed contain no reference to any reservation of right to act later, if any such reservation could be made, but merely state that the "time in which actions may be

brought against the estate as prayed for in this petition, is hereby extended to and including September 30, 1939." Thereafter, as already appears, new petitions were filed in which one of the original petitioners did not even join, and it was on these petitions that the second extension of time was decreed. It has not been suggested, nor are we of opinion, that these second petitions ought to be treated as motions (compare *Cochrane* v. *Cochrane*, 303 Mass. 467, 469, and cases cited), and we think that before they were filed the judge's power to act had been exhausted.

It may be contended that no harm could result from the action of the judge, but in our opinion this is not the point. "The legislature are presumed to understand and intend all consequences of their own measures; and the only safe course is for courts of justice to expound the intentions of the legislature by their acts, and those acts construed by known and established rules of construction." Shaw, C.J., in *Commonwealth* v. *Churchill*, 2 Met. 118, 124. See *Sullivan* v. *Sullivan*, 106 Mass. 474, 475.

It follows that the decrees in each case are to be reversed and that decrees are to be entered dismissing the petitions of Virginia C. Spaulding that were filed on September 8, 1939.

*Ordered accordingly.*