TOWN OF PEPPERELL *vs.* CITY OF SOMERVILLE.

Middlesex.    April 1, 1947. — June 6, 1947.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Settlement. Soldiers' Relief. Military Aid. Needy Person. Public Welfare.*

The words in St. 1916, c. 316, "dependents eligible to receive military aid and soldiers' relief under existing laws," mean only those who were actually dependent on August 12, 1916.

A settlement of a father and mother existing in 1917 in a city, from which they were absent for more than five consecutive years beginning in 1917, was not continued in force, under the provisions of St. 1916, c. 316; St. 1919, c. 151, so that another municipality could maintain against the city an action under G. L. (Ter. Ed.) c. 118A, § 8, as appearing in St. 1936, c. 436, § 1, for reimbursement for payments made to them for old age assistance furnished after the expiration of such five years, by the fact that their son had enlisted in the United States army on June 15, 1917, and was honorably discharged on May 29, 1919, where it did not appear that on August 12, 1916, the son was "poor and entirely or partially unable to provide maintenance" for himself or his dependents or that the parents were then dependent on him for support.

CONTRACT. Writ in the Superior Court dated September 15, 1945.

The case was heard by *O'Connell,* J., without a jury.

In this court the case was submitted on briefs.

*A. W. DiCecca,* City Solicitor, & *A. P. Senopoulos,* Assistant City Solicitor, for the defendant.

*C. P. Lordan,* for the plaintiff.

*C. A. Barnes,* Attorney General, & *B. H. Mullaney,* Assistant Attorney General, by leave of court, submitted a brief as amici curiae.

SPALDING, J. This action of contract to recover for old age assistance rendered to William J. A. Combie and his wife is based upon an alleged settlement in the defendant city. G. L. (Ter. Ed.) c. 118A, § 8, as appearing in St. 1936, c. 436, § 1. The case was heard upon a statement of agreed facts which meets the requirements of a case stated. The judge "found" for the plaintiff. This was in effect an

order for judgment. *Edinburg* v. *Allen-Squire Co.* 299 Mass. 206, 207. *Boston Five Cents Savings Bank* v. *Boston,* 318 Mass. 183, 184. The defendant appealed. G. L. (Ter. Ed.) c. 231, § 96.

The facts are these: William J. A. Combie was born in New Brunswick, Canada, in 1862. He subsequently resided in Somerville where on August 12, 1916, he had a settlement. Since that date he has continued to live in the Commonwealth. He left Somerville in 1917 and did not return there until 1929. Thereafter he resided in that city until June 5, 1940, when he moved to Pepperell where he has since lived, with the exception of eight months spent in the town of Townsend. His son, Earl, while residing in Somerville enlisted in the United States Army on June 15, 1917, and was honorably discharged on May 29, 1919. It is agreed that this service in World War I "qualified . . . [him] to receive soldiers' relief under G. L. c. 115." See St. 1919, c. 151.

Since leaving Somerville in 1917, Combie, the father, has had no opportunity to acquire a settlement. Upon his return to Somerville he received old age assistance there from January 1, 1933, to June 5, 1940. From January 1, 1941, to December 31, 1944, old age assistance was furnished to him and his wife by the town of Pepperell, which seeks reimbursement in this action for the sums so expended.[1]

The question presented for decision is whether Combie and his wife at the time they received old age assistance from the town of Pepperell were without a settlement or whether they had a settlement in the city of Somerville. The parties agree that inasmuch as the Combies were absent from Somerville from 1917 to 1929 (a period in excess of five consecutive years) they lost their settlement in that city under the provisions of St. 1911, c. 669, § 4 (see now G. L. [Ter. Ed.] c. 116, § 5, as appearing in St. 1946, c. 584, § 6), unless it was preserved by St. 1916, c. 316.[2] So far as here

---

[1] It is agreed that the aid furnished "was necessary and reasonable," and that if the plaintiff is entitled to recover the amount should be $537.27.

[2] The provisions of St. 1926, c. 292, are not applicable. (See now G. L. [Ter. Ed.] c. 116, § 5, as appearing in St. 1946, c. 584, § 6.) Under this statute the "settlement existing on August twelfth, nineteen hundred and

material that statute provided that "the settlement existing on August twelfth, nineteen hundred and sixteen, of
soldiers and their dependents eligible to receive military
aid and soldiers' relief under existing laws shall continue in
force while said soldiers or dependents are actually residing
in the commonwealth until a new settlement is gained in
another city or town in the manner heretofore prescribed."
We assume, as the plaintiff contends, that on August 12,
1916, Combie and his wife, although not then in need, were
persons who might thereafter become dependents within
the meaning of the statute. We also assume, as the parties
do, that, even though their son was not a soldier at the time
St. 1916, c. 316, took effect, nevertheless by subsequent
legislation (see St. 1919, c. 151) its provisions became applicable to him and his dependents. The question therefore narrows down to whether the words "dependents
eligible to receive military aid and soldiers' relief under existing laws" in St. 1916, c. 316, mean only those who were then
actually dependent or whether they also include those who
might thereafter become dependent. There is force in the
argument put forward by the plaintiff and by the Commonwealth that the statute ought to be construed to embrace
potential as well as actual dependents, otherwise only those
who were in need when St. 1916, c. 316, took effect would
benefit from it, while those who were then self supporting
would not. But this contention has been foreclosed by a
recent decision holding that a person is not "eligible to
receive military aid or soldiers' relief" under G. L. (Ter. Ed.)
c. 115 unless he is actually unable to provide maintenance
for himself or for his dependents. *Treasurer & Receiver
General* v. *Natick*, 320 Mass. 715, 717, 718. In that case the
question was whether a soldier not in financial need, whose
daughter had been treated at the Massachusetts Hospital
School at public expense, was entitled to the benefit of G. L.

---

sixteen, or any settlement subsequently acquired . . . [of one whose service
qualifies him to receive aid or relief under c. 115] and the settlement of his
. . . father or mother, qualified by his service to receive relief under chapter
one hundred and fifteen, shall not be defeated, except by failure to reside
in the commonwealth for five consecutive years or by the acquisition of a new
settlement." But it has been held that this provision was not retrospective
in effect. *Lexington* v. *Commonwealth*, 279 Mass. 571.

(Ter. Ed.) c. 116, § 4, which provided that "If a soldier or a dependent of a soldier *eligible to receive military aid or soldiers' relief under chapter one hundred and fifteen* receives aid or treatment in any hospital or other institution, such aid or treatment shall not have the effect of preventing or defeating the acquisition of a legal settlement" (emphasis supplied). And it was held that he was not entitled to the benefit of that statute. The language of § 4 is essentially the same as that contained in St. 1916, c. 316 (which now constitutes part of § 5 in the same chapter) and must be given the same meaning. It does not appear from the agreed facts that on August 12, 1916, Combie's son was "poor and entirely or partially unable to provide maintenance" for himself or his dependents. See R. L. c. 79, § 18, as amended by Sts. 1902, c. 250; 1913, c. 323; 1916, c. 116. See now G. L. (Ter. Ed.) c. 115, § 17, as appearing in St. 1945, c. 633, § 4. Nor does it appear that the Combies were then dependent on their son for support. Consequently they were not "eligible to receive military aid and soldiers' relief under existing laws" within the intendment of St. 1916, c. 316. It follows that since they did not retain their settlement in Somerville by virtue of that statute the plaintiff is not entitled to recover.

*Judgment for the defendant.*