TOWN OF MARSHFIELD *vs.* CITY OF SPRINGFIELD.

Plymouth. May 6, 1958. — June 3, 1958.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Settlement. Military Aid. Public Welfare.*

The provision of G. L. c. 116, § 5, as amended by St. 1948, c. 624, § 1, that the settlement of a veteran "whose service qualified him to receive veterans' benefits" under the provisions of c. 115, and the settlement of his mother, "qualified by his service to receive such benefits," shall not be defeated except by failure to reside in Massachusetts for five consecutive years or by the acquisition of a new settlement prevented loss of a settlement in Springfield of a veteran's mother who left Springfield and failed for more than five consecutive years to reside there but never acquired a new settlement and never resided outside Massachusetts, where it appeared that her son had once had a settlement in Massachusetts while a veteran and at a time when she had one also and she thereby had become "qualified by his service" to apply for veterans' benefits, although he later lost his settlement here by not residing here and she never applied for veterans' benefits while he was residing or had a settlement here.

CONTRACT. Writ in the Superior Court dated February 18, 1955.

The action was heard by *Dewing*, J., without a jury.

The case was submitted on briefs.

*John J. O'Connor, Jr.*, Associate City Solicitor, for the defendant.

*John M. Corcoran*, Town Counsel, for the plaintiff.

CUTTER, J.   Marshfield seeks to recover from Springfield sums expended by Marshfield for old age assistance under G. L. c. 118A furnished to Mrs. Harriet Glover, mother of one Charles W. Glover.  See G. L. c. 117, § 14 (as amended through St. 1939, c. 39, § 1), and c. 118A, § 8 (as amended through St. 1953, c. 462, § 1).  Upon a statement of agreed facts, the trial judge found for Marshfield in the sum admittedly due, if any sum was due.  Springfield appealed.

Mrs. Glover had her domicil in Springfield from prior to 1917 to 1943 and received old age assistance from Springfield from January 29, 1937, to October 1, 1943.  She received old age assistance from the city of Newton from August 16, 1943, to November 18, 1943, from Westwood from November 23, 1943, to November 30, 1949, and from Marshfield from December 1, 1949, until her death on July 23, 1954.  Springfield concedes[1] that she had a legal settlement in Springfield under G. L. c. 116, up to September 8, 1948.  She has not resided in any one city or town for five consecutive years since January, 1937, without receiving old age assistance, nor did she ever reside outside Massachusetts.

Mrs. Glover's son, Charles, enlisted in the navy in time of war on September 14, 1917, when he had his domicil in Springfield.  He thereby acquired a settlement there. G. L. c. 116, § 1, Fifth, as amended.  He was honorably discharged on August 22, 1919, and thus he and his mother became originally qualified to receive veterans' benefits under the provisions of G. L. c. 115.  He has not resided in Massachusetts since 1937.

The case involves a consideration of several interrelated sections of the statutes relating to settlements and veterans'

---

[1] Springfield, in its brief, also concedes that Marshfield has complied with all statutory requirements as to notice and that the only issue in the case is one of settlement.

benefits. General Laws c. 116, § 1, First, provides that (with an exception not here involved) "each person who after reaching the age of twenty-one has resided in any town within the commonwealth for five consecutive years shall thereby acquire a settlement in such town." Section 1 is affected by the provision of c. 116, § 2 (as amended through St. 1946, c. 584, § 4), that, with certain exceptions, a person receiving public relief shall not acquire, or be in the process of acquiring, a settlement. General Laws c. 116, § 5, as amended by St. 1948, c. 624 § 1, provides that after August 12, 1911, "failure for five consecutive years by a person, after reaching twenty-one years of age, to reside in a town where he had a settlement, shall defeat a settlement acquired under" § 1, First. The last sentence of § 5 provides: "The settlement existing on August twelfth, nineteen hundred and sixteen, or any settlement subsequently acquired, of a veteran *whose service qualified him* to receive veterans' benefits under the provisions of chapter one hundred and fifteen, and the settlement of his . . . mother, *qualified by his service* to receive such benefits, shall not be defeated, except by failure to reside in the commonwealth for five consecutive years or by the acquisition of a new settlement" (emphasis supplied). The issue here is whether anything in this last sentence of G. L. c. 116, § 5, as amended in 1948, operated to prevent Mrs. Glover from losing her settlement in Springfield, under the terms of the first sentence of § 5, by virtue of her "failure for five consecutive years . . . to reside" in Springfield. It does not appear to be contended that she acquired any new settlement elsewhere after ceasing to live in Springfield. See G. L. c. 116, § 1, First, and § 2 (as amended through St. 1946, c. 584, § 4).

General Laws c. 115, § 5, as amended through St. 1951, c. 590, § 4, the last amendment prior to Mrs. Glover's death which affected § 5 in respects here pertinent,[1] provides in

---

[1] In these respects, § 5 seems to have contained essentially the same requirements since the reënactment of c. 115 by St. 1946, c. 584, § 1. See St. 1948, c. 535, § 2; St. 1950, c. 493, § 1.

part, "Veterans' benefits shall be paid to a veteran or dependent by the city or town in which he has a settlement, or, if he has no settlement . . . within the commonwealth, by the city or town wherein he resides; provided, that no benefits shall be paid to a veteran unless he has actually resided within the commonwealth continuously for three years next preceding the date of his application for such benefits, nor to any other applicant unless he has actually resided within the commonwealth continuously for three years next preceding the date of his application for such benefits, nor unless the veteran of whom he is a dependent has a settlement in the commonwealth or has actually resided within the commonwealth continuously for three years next preceding the date of such dependent's application for benefits." Upon the present record, Mrs. Glover during the period, 1949 to 1954, could not have received veterans' benefits, under this provision, because her son had not lived in Massachusetts since 1937, and had plainly lost any settlement in Massachusetts at least by 1943. If subsequent changes in § 5 (see St. 1955, c. 305, § 1) would change this conclusion (as to which no intimation is made) they would be construed as operating prospectively only. See *Lexington* v. *Commonwealth*, 279 Mass. 571, 574; *Pepperell* v. *Somerville*, 321 Mass. 413, 414, n. 2. The record does not show any application by her for veterans' benefits while her son resided or had a settlement here.

The decision of this case depends upon the construction, as applied to one in Mrs. Glover's position, of the words "qualified by his service to receive such benefits" (i.e. under c. 115) found in G. L. c. 116, § 5 (as amended through St. 1948, c. 624, § 1). A problem of interpretation arises because, although Mrs. Glover's son no longer had a settlement in Massachusetts, his service in the navy had been sufficient to enable his mother, at least while he and she both had settlements in Massachusetts, to receive certain derivative benefits under c. 115, § 5, provided that she satisfied the other requirements of that section and made application for such benefits.

Little assistance in interpretation is afforded by the legislative history [1] of the numerous amendments of the several pertinent statutes. The sentence here under discussion of what is now G. L. c. 116, § 5, first appeared in St. 1916, c. 316, § 1, which provided that the settlement existing on August 12, 1916, of "soldiers and their dependents *eligible to receive military aid* . . . under existing laws shall continue . . . while said soldiers or dependents are actually residing in the commonwealth until a new settlement is gained in another city or town . . ." (emphasis supplied). The word "eligible" in this provision (as amended by St. 1922, c. 479, and St. 1925, c. 34) was considered in *Pepperell* v. *Somerville,* 321 Mass. 413, 415–416. This court there held that, prior to the 1926 amendments mentioned below, persons not eligible to be treated as dependents on August 12, 1916, by reason of then existing actual dependency on a person then or thereafter a veteran, did not receive the benefit of the protection against loss of settlement afforded by c. 116, § 5, even though such persons later became dependent on the veteran. This provision of what is now c. 116, § 5, was amended by St. 1926, c. 292, so that the settlement existing on August 12, 1916, "or any settlement subsequently acquired, of a person whose service . . . *qualifies him* to receive aid . . . under . . . chapter one hundred and fifteen, and the settlement of his . . . mother, *qualified by his service to receive relief* under . . . chapter one hundred and fifteen, shall not be defeated, except by failure to reside in the commonwealth for five consecutive years or by the acquisition of a new settlement" (emphasis supplied).[2]

Presumably some change of meaning was intended by the 1926 substitution, in place of the word "eligible," of the

---

[1] Some of the legislative history is discussed in Op. Atty. Gen. (1948) 67, which recommended a change in the provisions of G. L. c. 116, § 5, to counteract the effect, with respect to a veteran himself, of the decision in *Pepperell* v. *Somerville,* 321 Mass. 413, 415–416. Such legislation was adopted by St. 1948, c. 624, § 1. See 1948 House Bill No. 2287, 1948 House Journal, p. 1701.

[2] The italicized words were not found in the original bills (1926 House Docs. Nos. 958, 1236) upon which the 1926 amendments were based, but were introduced in committee without explanation. See 1926 House Bill No. 1361. The 1926 amendments, of course, were not made because of the decision in the *Pepperell* case, 321 Mass. 413, for that was not decided until 1947.

words "whose service . . . qualifies him" and the words "qualified by his service." With respect to a veteran himself, who had, or thereafter acquired, a settlement in Massachusetts, it seems to us that the Legislature thereby meant to provide that the veteran would not lose that settlement, except by absence from the Commonwealth for five years or by acquiring a new settlement, if he was a person whose military service was such as would meet the service prerequisites to receiving benefits under c. 115. This protection against loss of settlement was to be available to him at any time, even if he had never theretofore been in such financial circumstances as would enable him to apply for such benefits. In other words, the Legislature separated the aspect of qualification based upon service in the armed forces from the other eligibility requirements for benefits under c. 115 and made that service the basis for the substantial protection given under c. 116, § 5, against loss by a veteran of a settlement once achieved. This interpretation is the one which, despite the indefinite words of the statute, appears to us to be most consistent with the apparent purpose of the change of language in 1926.

The language, so far as concerns dependents of veterans, has remained in substantially the same form ever since 1926. We think "qualified by his service" relating to dependents in c. 116, § 5 (as amended through St. 1948, c. 624, § 1), should be given a construction consistent with the comparable language in the same sentence, "whose service qualified him," relating to the veteran himself. See *Randall's Case*, 331 Mass. 383, 386. Accordingly, we hold that the sentence protects against loss of a Massachusetts settlement, once acquired, the mother of a veteran, who, while a veteran, himself once had a Massachusetts settlement at a time when his mother had one also, even though she never had occasion to apply for veterans' benefits while the veteran himself was residing, or had a settlement, in Massachusetts. It is undisputed that Mrs. Glover once became "qualified," by the military service of her son and by his and her then possession of settlements in Massachusetts, to apply for

veterans' benefits if the necessity should arise. Accordingly, her settlement became one which under c. 116, § 5, could be lost only by absence from the Commonwealth for five years or by her acquisition of a new settlement.

The trial judge correctly found that Marshfield was entitled to recover. Judgment is to be entered for the plaintiff in accordance with the finding.

*So ordered.*