COMMONWEALTH *vs.* THOMAS V. FOLEY. March 22, 1983. The defendant was arraigned in a District Court on June 2, 1980, on four complaints to which he entered pleas of not guilty. Bail was set at $10,000 surety or $1,000 cash. Unable to furnish bail, the defendant was held in jail until a probable cause hearing on June 12, 1980, on which date he was bound over to the grand jury on three of the complaints, and the same bail was continued in effect. Failing to furnish bail, he was remanded to jail. Following a probation surrender hearing on an unrelated case on June 13, 1980, his probation was revoked, and he was sentenced to a year in a house of correction and was committed. On June 23, 1980, the grand jury acted on the bound over cases and returned indictments which

charged the defendant with assault and battery by means of a dangerous weapon (brass knuckles) and assault and battery by means of a dangerous weapon (a shod foot). He was held on the same bail on the first indictment. On December 3, 1980, the defendant was found guilty of simple assault and battery on the first indictment and was sentenced to two and one half years in a house of correction, to be served from and after the sentence imposed on June 13. He was found guilty as charged on the second indictment and was given five years' probation which was to be effective from and after his release from the two and one half year sentence. He was given fourteen days' credit against the two and one half year sentence for the period he was held in jail from May 30 to June 13, 1980.

The only issue raised on appeal is whether, as matter of law, the defendant's motion that he be credited with the time between June 13, when he was sentenced to one year on an unrelated case, and December 3, when he was sentenced on the present indictments, should have been allowed. There was no error in the denial of that motion.

There can be no question, as the defendant argues, that a prisoner is entitled to credit for time spent confined to jail before sentencing so long as that confinement is related to the criminal episode for which the prisoner is then sentenced. See G. L. c. 279, § 33A. However, as was said in *Needel, petitioner,* 344 Mass. 260, 262 (1962), "The short answer is that the petitioner [during the questioned period] was not held 'in custody awaiting trial' nor 'in confinement prior to such sentence and while awaiting trial.' He was in confinement pursuant to a sentence for an unrelated crime of which he had been convicted. The statutory purpose was not to allow deductions for time served under sentence for another crime, but was to afford relief to those not convicted and not serving any sentence but who because of inability to obtain bail, for example, were held in custody awaiting trial." See also *Libbey* v. *Commissioner of Correction,* 353 Mass. 472, 475-476 (1968); *Kinney, petitioner,* 5 Mass. App. Ct. 457, 460 (1977); *Commonwealth* v. *Carter,* 10 Mass. App. Ct. 618, 620 n.4 (1980).

The denial of the defendant's motion for credit for time served prior to trial is affirmed.

*So ordered.*

The case was submitted on briefs.
*Michael F. Modestino* for the defendant.
*William D. Delahunt,* District Attorney, & *Charles J. Hely,* Assistant District Attorney, for the Commonwealth.