CHRISTOPHER RAMBERT vs. COMMONWEALTH.

Suffolk. May 3, 1983. — July 26, 1983.

Present: HENNESSEY, C.J., LIACOS, NOLAN, & O'CONNOR, JJ.

*Delinquent Child. Statute,* Construction.

General Laws c. 119, § 68, first par., as appearing in St. 1978, c. 478, § 63, providing for the commitment of certain juveniles held by the court "to the care of the department of youth services or to a probation officer, a parent, guardian, or other responsible person," did not authorize a judge to order that a juvenile be committed to the custody of a county sheriff and maintained at a jail or house of correction. [772-775]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on April 19, 1983.

The case was heard by *Lynch, J.*

*William J. Leahy* for the plaintiff.

*John N. Tramontozzi,* Assistant District Attorney, for the Commonwealth.

NOLAN, J. The plaintiff, a juvenile awaiting trial in the Superior Court on indictments charging aggravated rape and armed robbery, commenced the instant action in the county court pursuant to G. L. c. 211, § 3, requesting that the court direct the sheriff of Suffolk County to release him from confinement at the Charles Street jail in Boston, where he was held awaiting trial and to commit him to the custody of the Department of Youth Services (department). The single justice denied relief and the plaintiff obtained an expedited hearing before the full bench. In an order dated May 10, 1983, we reversed and remanded the plaintiff to the custody of the department.[1]

---

[1] The order is as follows: "The order of the single justice is hereby reversed. In accordance with the mandate of the statutes, G. L. c. 119,

The facts are as follows. The plaintiff is approximately sixteen and one-half years of age. Apparently, he is strong, husky, and well developed. Complaints were issued by the Boston Juvenile Court and were subsequently dismissed in August, 1982, when three indictments, including one for aggravated rape and another for armed robbery, were returned. The plaintiff was committed to the custody of the department. On December 13, 1982, he escaped from custody while he was being transported from his place of confinement in Taunton to the Suffolk County Court House. Ten days later the plaintiff was arrested for shoplifting. During that period, a Brookline woman identified the plaintiff as having raped her on December 21, 1982. On April 12, 1983, while being transported from Taunton to Boston, the plaintiff again escaped from the custody of the department after having armed himself with a gun. On April 14, 1983, the plaintiff was arrested.

On a motion of the Commonwealth, a judge in the Superior Court ordered that the plaintiff be committed to the custody of the sheriff of Suffolk County and maintained at the Charles Street jail pending trial. The plaintiff commenced this action arguing that G. L. c. 119, § 68, does not authorize the commitment of a juvenile to a jail or a house of correction.

General Laws c. 119, § 68, first par., as appearing in St. 1978, c. 478, § 63, provides, in pertinent part: "A child between seven and seventeen years of age held by the court for further examination, trial or continuance, or for indictment

§§ 66, 68, the defendant, Christopher Rambert, is remanded to the custody of the Division of Youth Services (DYS) . . . forthwith. In making this order we are not unmindful of the extraordinary security risk posed by the defendant.

"We, therefore, order further that the DYS take all necessary measures to insure the safety of the general public, law enforcement and DYS personnel. It is expected, as part of this order, that the DYS will house the defendant in an appropriately secure facility, that extra personnel as needed will be provided to prevent the defendant's escape during transportation, and that precautions (such as periodic searches) will be taken against the defendant's obtaining weapons.

"Rescript and Opinion to follow. By the court."

and trial under the provisions of sections seventy-three to eighty-three, or to prosecute an appeal to a juvenile appeals session, if unable to furnish bail, shall be committed by the court to the care of the department of youth services or to a probation officer, a parent, guardian, or other responsible person who·shall provide for his safekeeping; provided, however, that the appearance at such examination or trial, or at the prosecution of the appeal of such child, shall be the responsibility of the court for which he is being held in safe-keeping."

The statute is unambiguous. We must construe the statute as it is written. *City Council of Peabody* v. *Board of Appeals of Peabody*, 360 Mass. 867, 867 (1971). A statute's words must be accorded their plain and ordinary meaning, "considered in connection with the cause of its enactment, the preexisting state of the law, the mischief to be remedied and the main object to be accomplished." *A. Belanger & Sons* v. *Joseph M. Concannon Corp.*, 333 Mass. 22, 25 (1955), quoting *Brown* v. *Robinson*, 275 Mass. 55, 57 (1931). The language of a statute is not to be enlarged or limited by construction unless its object and plain meaning require it. *Johnson's Case*, 318 Mass. 741, 747 (1945). The plain language of G. L. c. 119, § 68, first par., does not authorize the court to commit a juvenile to a county jail. We decline to engraft such an intent upon the clear language of the statute. See *Mitchell* v. *Mitchell*, 312 Mass. 154, 161 (1942).

The Commonwealth argues that the sheriff of Suffolk County could be the "other responsible person" within the meaning of G. L. c. 119, § 68, first par. Although this argument may be superficially appealing, its shallowness is readily apparent when viewed in light of the statute's history.

The origin of § 68 can be found in St. 1870, c. 359, § 9, which provides: "A child arrested on any complaint referred to in the preceding sections may be held or committed to jail by the officer having said child in custody until the time appointed for the trial, unless admitted to bail . . . ." See Pub. St. c. 89, § 21 (1882) (virtually identical provision).

The Revised Laws of 1902 contained virtually identical language and specifically prohibited the commitment to jail of a child under twelve years of age. R. L. 1902 c. 86, §§ 18, 20.

Section 68, as it appeared in St. 1943, c. 244, § 2, provided that "[a] child between seven and fourteen years of age held by the court . . . if unable to furnish bail shall be committed by the court to the care of the department or of a probation officer . . . ." [2] This statute additionally provided that "[a] child between fourteen and seventeen years of age so held by the court if unable to furnish bail shall be so committed to the department with its consent or to a probation officer, unless the court on immediate inquiry shall be of opinion that such child should be committed to jail . . . ." See also St. 1955, c. 609, § 2 (virtually identical language); St. 1956, c. 269 (adding language which placed on the court responsibility for ensuring a juvenile's appearance in court).

In 1969, the Legislature eliminated the distinction between children in the seven to fourteen years of age category and children in the fourteen to seventeen years of age category. More pointedly, the Legislature deleted the clause which provided a judge with discretionary authority to commit a juvenile to a jail. St. 1969, c. 838, § 18. "The legislature are presumed to understand and intend all consequences of their own measures . . . ." *Commonwealth* v. *Churchill*, 2 Met. 118, 124 (1840), quoted with approval in *Spaulding* v. *McConnell*, 307 Mass. 144, 149 (1940). A critical comparison of the successive statutes dealing with this subject makes clear that, in 1969, the Legislature decided that a juvenile should not be committed to a jail. Cf. *Marshfield* v. *Springfield*, 337 Mass. 633, 637-638 (1958). We may not ignore this clear expression of legislative intent. It is unlikely that the Legislature would have replaced the

---

[2] The word "department" is defined as the Department of Public Welfare. G. L. (Ter. Ed.) c. 119, § 2. In 1948, the Legislature substituted the youth service board for the Department of Public Welfare. St. 1948, c. 310, § 8. In 1969, the Legislature created the Department of Youth Services and transferred the responsibility for delinquent children to it. St. 1969, c. 838, §§ 1 and 18.

word "jail" with the phrase "other responsible person" with the intent to continue to permit a court to commit a juvenile to a county jail.

Thus, on the strength of G. L. c. 119, § 68, we conclude that the judge was in error in committing the plaintiff to the Charles Street jail.[3]

---

[3] We note that by St. 1969, c. 859, § 12, the Legislature returned to the pre-1969 language to the effect that a child committed by a court to "jail" or the youth service board shall receive a final disposition of his case within fifteen days unless the interests of the child or the public otherwise require. G. L. c. 119, § 68, third par. The word "jail" remains in this paragraph today. G. L. c. 119, § 68, third par., as appearing in St. 1978, c. 478, § 63. However, we view the use of the word "jail" in this paragraph as a product of inadvertence or poor draftsmanship. In any event, we do not view it as negating the clear import of St. 1969, c. 838, § 18, to proscribe the commitment of juveniles to county jails.