COMMONWEALTH *v.* CRAIG L. CLARK.[1] July 23, 1985. *Escape. Imprisonment,* Escape.

The defendant, while serving a sentence in the Hampshire County house of correction for larceny of a motor vehicle, was granted a temporary furlough under the provisions of G. L. c. 127, § 90A. He failed to return from the furlough and was thereafter recaptured and indicted for the crime of escape. He was convicted by a jury and sentenced to a term of imprisonment in State prison. The defendant argues several issues on appeal. There was no error.

1. Through the keeper of records at the Hampshire County house of correction, the Commonwealth introduced in evidence the mittimus upon which the defendant stood committed, and relied upon that document and other evidence to prove that the defendant was lawfully incarcerated at the time of his furlough. The defendant filed a motion for a required finding of not guilty and argued, among other things, that the mittimus was insufficient proof that the defendant had been sentenced to the house of

[1] Now Ahmad Tarif Rashad.

correction. He has dropped that ground on appeal and now argues that the Commonwealth failed to present evidence that the defendant was represented by counsel or waived counsel at the time that he was convicted of the offense for which he was imprisoned at the time of his escape. The Commonwealth argues that the defendant cannot raise for the first time at the appellate level an argument not presented to the trial judge. See *Commonwealth* v. *Gray*, 357 Mass. 771, 771-772 (1970); *Commonwealth* v. *Flynn*, 362 Mass. 455, 472 (1972); *Commonwealth* v. *Johnson*, 371 Mass. 862, 867 (1977). We agree. See *Commonwealth* v. *Ambers*, 370 Mass. 835, 838 (1976). We note, however, that in order to establish lawfulness of custody it is not necessary for the Commonwealth to show, on its own case, that the original conviction was free of error. See *Commonwealth* v. *Giordano*, 8 Mass. App. Ct. 590, 592 (1979). Therefore, the Commonwealth was not required to introduce evidence that the defendant was either represented by counsel or waived counsel on the conviction for which he was imprisoned at the time of the escape.

2. Upon his conviction on the indictment charging escape, the defendant was sentenced to imprisonment at M.C.I., Cedar Junction. He contends that the Legislature evidenced an intention that a furlough escape from a house of correction be punished by a sentence only to that type of penal institution and not by imprisonment in the State prison. The defendant states that the Legislature's intent is seen in G. L. c. 127, § 49, as amended by St. 1983, c. 399, §§ 1-3. That statute, which provides that punishment for failure of a prisoner to return from release to an educational or employment program varies with the nature of the releasing institution, is inapplicable here.[2] The defendant's argument is therefore without merit.

The defendant had been granted a furlough under the provisions of G. L. c. 127, § 90A, at the time of his escape and was not participating in any educational, training, or work program as set out in G. L. c. 127, § 49. Furlough escapes are governed by the general escape statute, G. L. c. 268, § 16. *Commonwealth* v. *Hughes*, 364 Mass. 426, 428-430 (1973). *Commonwealth* v. *Boone*, 394 Mass. 851, 855 (1985). That statute sets out the punishment for furlough escapes.[3] The wording is plain "[w]e must

---

[2] General Laws c. 127, § 49, provides in pertinent part: "If any [participating] inmate . . . leaves his place of employment, or having been ordered . . . to return to the correctional facility, neglects or refuses to do so, said inmate shall be held to have escaped . . . and shall, upon conviction of such escape, be sentenced, if the escape was from a state correctional facility, to a state correctional facility . . . , and if the escape was from a county correctional facility, to a county correctional facility . . . ."

[3] General Laws c. 268, § 16, as appearing in St. 1973, c. 1062, § 1, provides in its entirety: "*A prisoner* who escapes or attempts to escape from any penal institution or from land appurtenant thereto, or from the custody of any officer thereof or while being conveyed to or from any such institution, or *fails to return from temporary release granted under the provisions of section ninety A of chapter one hundred and*

construe [it] as it is written." *Rambert* v. *Commonwealth*, 389 Mass. 771, 773 (1983). By incorporating the provision as to furlough escapes in the general escape statute (G. L. c. 268, § 16), it is clear that the Legislature intended that an escape while on furlough was to be punished under the same terms as other forms of escape. Therefore, the defendant could properly be sentenced to State prison for an escape while on furlough from a house of correction.

The defendant claims, on appeal, that the State prison sentence imposed here abridged his right to equal protection as guaranteed by the Federal and State Constitutions. He argues that there is no rational distinction between a work release escape and a furlough escape and, therefore, he can only be sentenced to a house of correction because that is the institution wherein he was lodged at the time he failed to return from a furlough. The defendant did not argue this ground below and we do not consider it on appeal. *Commonwealth* v. *Bastarache*, 382 Mass. 86, 101 (1980). *Commonwealth* v. *Cote*, 386 Mass. 354, 358 n.6 (1982). In any event, his assertion is without merit.

3. At the time of his escape, the defendant was serving a two-year sentence in the house of correction. Upon his arraignment on the escape charge, he was ordered held in lieu of $25,000 dollars bail. After some fifty-eight days, that order was dissolved and the defendant was released upon personal recognizance although he continued to serve time on the prior sentence. The defendant was sentenced to State prison on the escape charge and was not given any credit for time served. He claims error and contends that he should receive credit for the time he served between his recapture and his conviction. The defendant's argument was answered by our decision in *Commonwealth* v. *Foley*, 15 Mass. App. Ct. 965, 966 (1983). In *Foley*, we held that the purpose of G. L. c. 279, § 33A, "was not to allow deductions for time served under sentence for another crime, but was to afford relief to those not convicted and not serving any sentence but who because of inability to obtain bail, for example, were held in custody awaiting trial." *Id.*, quoting from *Needel, petitioner*, 344 Mass. 260, 262 (1962). Here, at all material times, the defendant was serving a sentence for an unrelated crime. He was not entitled to any credit for time served in regard to his sentence for escape.

*Judgment affirmed.*

*Stephen R. Kaplan* for the defendant.

*Charles K. Stephenson,* Assistant District Attorney, for the Commonwealth.

---

*twenty-seven*, may be pursued and recaptured and shall be punished by imprisonment in the state prison for not more than ten years or by imprisonment in a jail or house of correction for not more than two and one half years" (emphases supplied).