Kaplan, Mitchell H., J.
This action is an appeal from a decision of the Board of Appeal of Boston (the “Board”) affirming a decision of the Boston Inspectio-nal Services Department (“ISD”) declining to issue a building permit to the plaintiff, Sponsor Co., LLC (“Sponsor”), for the erection of two signs on an exterior wall of 9 Bowdoin Street in Boston. The case is before the court on Sponsor’s motion for summary judgment.[2] For the following reasons, Sponsor’s motion is ALLOWED, and an order will enter directing that the Board to cause ISD to issue the necessary permit.
FACTS
None of the material facts necessary for the resolution of this motion are in dispute. Sponsor leased from the owner of 9 Bowdoin Street the right to erect signs on the exterior side wall of the building which faces Cambridge Street. On March 18, 2008, Sponsor applied (on behalf of the property owner) to ISD for a permit to erect two billboard wall signs, each 25’ by 40’ in dimension, on the side of the building which faces Cambridge Street. 9 Bowdoin Street is located in a so-called L-2-65 district for zoning purposes. The building lot abuts an H-2-65 district to the south, but this abutting H district is on the opposite side of the building from that on which the proposed signs would be erected, and the signs would not be visible to someone standing on the H district side of the building. ISD denied the permit on the grounds that the proposed signs would be in violation of the Boston Zoning Code (the “Code”), chapter 665, Acts of 1956 as amended, Article 11, Sections 2(b) and 6. Sponsor filed an appeal from ISD’s decision with the Board. On October 8, 2008, the Board convened a public hearing on the appeal. On December 10, 2008, it issued a decision implicitly finding that the signs were not a permitted use under the Code sections cited by ISD and declining to grant a variance (although none was requested by Sponsor). Sponsor timely filed this appeal to the Superior Court.
DISCUSSION
Under Section 11 of the Enabling Act, “any person aggrieved by a decision of said board of appeal... may appeal to the superior court department of the trial court sitting inequity for the count of Suffolk.” St. 1956, c. 665, §11, as amended by St. 1993, c. 461, §5. On appeal, the superior court conducts a de novo review of the Board’s decision based upon the facts found by the judge. Id. “Judicial review is nevertheless circumscribed: the decision of the board cannot be disturbed unless it is based on legally untenable grounds, oris unreasonable, whimsical, capricious, or arbitrary.” Roberts v. Southwestern Bell Movile Systems, Inc., 429 Mass. 478, 486 (1999) (internal quotations and citations omitted). In the present case, as noted above, the material and relevant facts are not disputed by the parties. Upon consideration of those facts, the court concludes that the Board’s decision must be reversed because it is based on an error of law.
This appeal turns on a single issue: would the proposed signs violate Section 11-6 of the Code by reason of their dimensions?[3] Section 11-6 is entitled: “Signs Subject to Other Regulations.” It states, in pertinent part,
Billboards . . . are allowed in L . . . districts . . .; provided that: (a) whenever any part of a lot in a L district is directly across a street form any part of a lot in a ... H district, and whenever a lot in a L district abuts a lot in a. . . H district, the aggregate area of all signs on the lot in the L district which face toward, and are open to view from, the lot in the . . . H district shall not exceed whichever of the following allow the greater area:
(1) 10% of the area of the wall substantially parallel to such lot line, or
(2) one square foot for each foot in the length of such lot line; . . ."
The ISD and the Board contend that the proposed signs would violate these size limitations and therefore require a variance. They are mistaken. The parties agree that 9 Bowdoin Street is located within a L district and that, while it abuts an H district, the signs are to be constructed on the Cambridge Street side of the building and therefore they will neither face toward nor be open to view from the H lot which abuts the property. In consequence, the size limitations set out in Section 11-6 simply do not apply to the proposed signs. As that is the only ground on which the Board now relies for its finding that the signs are not a permitted use and therefore require a variance, it is in error. This is not a matter in which the court should defer to the Board’s interpretation of the Code section, but rather one in which the language in question is plain and its meaning straightforward. The Board’s *402 conclusion that these size limitations apply to any signs constructed in L districts simply reads out of Section 11-6 the requirement that they apply only when the L district signs face and may be viewed from an abutting H district lot. Compare Rambert v. Commonwealth, 389 Mass. 771, 773 (1983) (statutes must be construed as written and their words accorded their plain and ordinary meaning), and Boston Preservation Alliance, Inc. v. Secretary of Environmental Affairs, 396 Mass. 489, 498 (1986) (courts “will not hesitate to overrule agency interpretations of statutes or rules when those interpretations are arbitrary or unreasonable”).
ORDER
For the foregoing reasons, Sponsor’s motion for summary judgment is ALLOWED. Judgment shall enter remanding this matter to the Board for the entry of an order directing the ISD to issue a permit for the erection of the signs proposed in Sponsor’s application.

 The defendants filed a cross motion for summary judgment, but withdrew that motion at oral argument.

 In their pleadings, the defendants had also argued that Sponsor did not have standing to pursue this appeal and that the signs also violated Article 11, section 2(b) of the Code. They have withdrawn those arguments.