NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1442

COMMONWEALTH

vs.

BARRY L. THOMAS, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Allowing a defendant's motion to revise and revoke his sentence, a District Court judge ordered that the defendant be credited for 365 days and his sentence be deemed served. The Commonwealth appeals and argues that the sentencing judge erroneously included jail credit on an unrelated case. We affirm.

Sentence. The defendant's sentence stems from a complaint that issued from the Brockton District Court on July 3, 2020. The complaint charged the defendant with failure to stop (G. L. c. 90, § 25) and operating a motor vehicle with a suspended license (subsequent offense) (G. L. c. 90, § 23). Following arraignment, the defendant was released on personal recognizance

until his bail was revoked for fifty-one days. On December 19, 2022, the prosecution dismissed the failure to stop charge, and the remaining charge was continued without a finding for six months of administrative probation. Following a violation of probation, the probation period was extended for an additional six months. The defendant violated his probation once again, and the defendant remained in custody awaiting a hearing for an additional forty-two days (bringing the total days in custody to ninety-three). On September 25, 2023, the sentencing judge entered a guilty finding and sentenced the defendant "without prejudice" to the maximum of one year in the house of correction. In doing so, the judge awarded seventy-one days of credit and acknowledged that the defendant may have additional sentence credit, but he did not want to calculate the exact credit "on the fly" and encouraged counsel to file a motion (the docket reflected ninety-three days of credit).

Revised sentence. Days later, on October 3, 2023, the defendant filed a motion to revise or revoke the sentence. He sought credit for time he was held in custody awaiting trial on an unrelated case in the Stoughton District Court where he was previously sentenced following a guilty plea on March 6, 2023. Defense counsel's affidavit, however, acknowledged that the defendant received full credit of 244 days on the Stoughton sentence for the time held awaiting trial in that case. At the

2

October 27, 2023 hearing on the defendant's motion, the judge discussed his intent to structure the sentence and credit so that the defendant would be released fifty days after the date of the hearing (on November 22).  He was concerned that the jail might misinterpret the sentence:  "I just want to make sure he gets credit for having already served the time so that it doesn't appear as a new sentence of 50 days; do you know what I mean?"  See G. L. c. 90, § 23 (sentence of sixty days to one year for subsequent offense of operation after suspension).  In an effort to structure a sentence resulting in the defendant's release fifty days from the hearing, the judge allowed the motion to revise and revoke, ultimately giving the defendant credit for 315 days on his 365 day sentence.  These credits included the defendant's time held in custody before sentencing in the unrelated Stoughton case.

Reconsideration.  On October 30, 2023, the Commonwealth filed a motion for reconsideration and reported that the house of correction calculated only ninety-three days of available credit on the defendant's sentence.  That same day, the sentencing judge denied the motion without a hearing.  The next day, the Commonwealth filed a notice of appeal and an emergency motion for reconsideration and motion to stay the defendant's release from custody.  A different judge allowed the Commonwealth's motion to stay.  In the meantime, the defendant

3

filed another motion to revise and revoke with a different calculation for sentence credit.  On November 20, 2023, the sentencing judge held a hearing, awarded the defendant 365 days credit, and concluded that the defendant's sentence "is deemed served and completed."

Discussion.  Within sixty days of sentencing, a judge may revise or revoke a sentence upon motion of the defendant "if it appears that justice may not have been done."  Mass. R. Crim. P. 29 (a) (2), as appearing in 378 Mass. 899 (1979).  The purpose of the rule is to allow a judge to reconsider a sentence to "determine, in light of the facts as they existed at the time of sentencing, whether the sentence was just."  Commonwealth v. McCulloch, 450 Mass. 483, 487 (2008), quoting Commonwealth v. DeJesus, 440 Mass. 147, 152 (2003).  Occasions will inevitably occur where a conscientious judge, upon reflection, will conclude that the sentence was "too harsh" or "failed to give due weight to mitigating factors."  District Attorney for the N. Dist. v. Superior Court, 342 Mass. 119, 128 (1961).  "In such cases the interests of justice and sound judicial administration will be served by permitting the trial judge to reduce the sentence within a reasonable time."  Id.

Here, on September 25, the judge initially imposed a one-year sentence, acknowledged that he was imposing the maximum, and invited the defendant to file a motion to revise or revoke

4

due to a question about potentially substantial sentence credit. At the hearing on the defendant's subsequently filed motion to revise and revoke on October 27, the judge indicated his intent to impose a sentence that included 315 days credit, which would result in the defendant's release in fifty days from the date of the hearing (November 22). By applying 315 days of credit, the judge erred because the credit well exceeded the 125 days the defendant had actually served in this case as of October 27. "[A] prisoner is to receive credit for all jail time -- neither more nor less -- served before sentencing which relates to the criminal episode for which the prisoner is sentenced, but does not receive credit greater than the number of days of his presentencing confinement." Commonwealth v. Carter, 10 Mass. App. Ct. 618, 620-621 (1980).

To the extent the judge also applied credit from time served by the defendant under the prior and completed and unrelated Stoughton sentence, he could not do so in these circumstances. The defendant could only receive credit for jail time served in this case, regardless of jail time he may have served in another case pre-trial. Put differently, where the defendant had only served 125 days in this case, that was the maximum jail credit the judge could award as of the October 27 hearing. Also, by the time of his Brockton sentence, the defendant had completed a "sentence for an unrelated crime of

5

which he had been convicted. The statutory purpose [of G. L. c. 279, § 33A] was not to allow deductions for time served under sentence for another crime, but was to afford relief to those not convicted and not serving any sentence but who because of inability to obtain bail, for example, were held in custody awaiting trial." Commonwealth v. Foley, 15 Mass. App. Ct. 965, 965 (1983), quoting Needel, petitioner, 344 Mass. 260, 262 (1962). Contrast Commonwealth v. Ridge, 470 Mass. 1024, 1025 (2015) (where credit awarded on prior concurrent sentence is "illusory," judge has discretion to award credit on longer subsequent sentence in consideration of fairness).

We do not believe resentencing is necessary where the record demonstrates that the judge, in substance, ultimately revised the sentence once again on November 20. During a hearing on that date, the judge expressed his intent to release the defendant days earlier than he previously planned, adopted the defense recommendation, and deemed the defendant's sentence "served and completed" as of that date. Contrast Commonwealth v. Henriquez, 440 Mass. 1015, 1016 (2003) (resentencing required where judge's ambiguous remarks created "sufficient concern about the appearance of justice"). The judge had broad discretion, within the sentencing range of G. L. c. 90, § 23, and the parameters of rule 29, to revise the sentence on November 20 and to release the defendant who by then had served

6

149 days, and we discern no error in that ultimate decision.
See Commonwealth v. White, 436 Mass. 340, 343 (2002) (sentencing
"judges are permitted considerable latitude").

Order of November 20, 2023,
  revising sentence affirmed.

By the Court (Englander,
  Hodgens & Smyth, JJ.[1]),

Clerk

Entered:  May 29, 2025.

---

[1] The panelists are listed in order of seniority.