GEORGE E. DALE, JR. vs. COMMISSIONER OF CORRECTION & another.[1]

Suffolk.   October 13, 1983. — December 15, 1983.

Present: HALE, C.J., DREBEN, SMITH, JJ.

*Practice, Criminal,* Sentence. *Imprisonment.*

Under G. L. c. 279, § 28, as amended by St. 1955, c. 770, § 98, a sentence of imprisonment in a house of correction ordered by a judge to take effect "forthwith" despite a previously imposed sentence then being served by the prisoner in the Massachusetts Correctional Institution, Concord, does not terminate the previously imposed sentence. [248-251]

CIVIL ACTION commenced in the Superior Court Department on February 7, 1983.

The case was heard by *Fine,* J.

*John P. Osler* for the plaintiff.

*Brian K. Bowen,* Special Assistant Attorney General, for the defendants.

SMITH, J.   The plaintiff, a prisoner serving a sentence at the Massachusetts Correctional Institution, Concord, filed a complaint pursuant to G. L. c. 248, §§ 1-34.   Also see Mass. R.Crim.P. 30(a), 378 Mass. 900 (1979).   The facts underlying the complaint are not in dispute.

In December, 1977, the plaintiff was sentenced to concurrent ten-year terms to be served at M.C.I., Concord.   In November, 1980, while on parole from those sentences, he was arrested and accused of various crimes.   He was committed to jail in lieu of bail to await disposition of the complaints issued by the Boston Municipal Court.   While in jail, his parole was revoked and a parole warrant was lodged against him.   On December 19, 1980, he pleaded guilty and

---

[1] Superintendent, M.C.I., Norfolk.

was sentenced by the judge to two concurrent two-year terms to be served at the Deer Island house of correction. The sentences were ordered to be served "forthwith and notwithstanding sentence[s] to M.C.I., Concord, which were previously imposed and which had been partially executed on December 19, 1980, the date of conviction and sentence in this case." The plaintiff was immediately taken to the Deer Island house of correction, where he served those sentences.[2] On October 6, 1982, he was paroled from the Deer Island house of correction and returned to M.C.I., Concord, to continue serving the sentences first imposed in December, 1977. After his return, this action was commenced.

At the hearing on his complaint the plaintiff contended that he should be released from his previously imposed M.C.I., Concord sentences because under his interpretation of G. L. c. 279, § 28, as amended by St. 1955, c. 770, § 98, a "forthwith" sentence to a jail or house of correction terminates a prior Concord sentence.[3] The judge disagreed and dismissed the complaint. This appeal resulted.

The issue whether, under G. L. c. 279, § 28, a forthwith sentence to a house of correction terminates a previously imposed sentence to M.C.I., Concord, appears to be a matter of first impression in the Commonwealth. A forthwith sentence may be defined as a sentence which is ordered by a judge to take effect immediately despite a previous sentence then being served by the prisoner. Different kinds of forthwith sentences are provided in G. L. c. 279. By the terms of G. L. c. 279, § 27, as amended by St. 1955, c. 770, § 97, set

---

[2] The plaintiff escaped from Deer Island during his term, and he was given additional time to serve as a result of the escape and for offenses committed while on escape.

[3] The plaintiff also sought in his complaint, as alternative relief, credit against his M.C.I., Concord, sentences the time spent in the Deer Island house of correction. During the Superior Court hearing the defendant agreed to give the plaintiff this credit. Accordingly, the issue whether the forthwith sentences ran concurrently with the previously imposed sentences is not before us.

forth in the margin,[4] a Superior Court judge may sentence a prisoner confined in a jail or house of correction to State prison if he is convicted of a felony. According to the statute, if the judge orders the sentence to take effect forthwith notwithstanding the former sentence, the sentence then being served in the jail or house of correction is terminated and the prisoner is "discharged at the expiration of his [State prison] sentence."[5] *Kinney, petitioner,* 5 Mass. App. Ct. 457, 461 n.3 (1977). Other kinds of forthwith sentences are contained in G. L. c. 279, § 28, set forth in the margin.[6] That statute provides that if a convict who is serving a sentence at M.C.I., Concord, is convicted of a crime punishable by imprisonment in the State prison or house of correction, a judge may impose a sentence, either to a house of correction or to State prison, and order it to take effect forthwith, notwithstanding the former sentence. This section, in contrast to G. L. c. 279, § 27, does not contain any language that states that a prisoner is to be "discharged at the expiration of his [new] sentence." This omission and the manner in which it came about are significant to our decision.

---

[4] General Laws, c. 279, § 27, provides: "If a convict serving a sentence of imprisonment in a jail or house of correction is convicted of a felony, the court may impose sentence of imprisonment in the state prison and order it to take effect forthwith, notwithstanding the former sentence. The convict shall thereupon be removed to the reception center established under section twenty of chapter one hundred and twenty-seven and shall be discharged at the expiration of his sentence thereto."

[5] The statute, however, does not operate in such a manner as would permit a District or Superior Court judge to impose a sentence to a jail or house of correction on a prisoner then serving a State prison sentence. *Kinney, petitioner, supra.*

[6] General Laws, c. 279, § 28, provides: "If a convict serving a sentence of imprisonment in the Massachusetts Correctional Institution, Concord, is convicted of a crime punishable by imprisonment in the state prison or house of correction, the court may impose sentence of imprisonment therein and may order it to take effect forthwith, notwithstanding the former sentence. No sentence of imprisonment shall be imposed under this section in the Massachusetts Correctional Institution, Concord, notwithstanding the provisions of section thirty-one."

Prior to 1955, both § 27 and § 28 of G. L. c. 279 contained the same "discharge at expiration" language. Therefore, any forthwith sentence notwithstanding, the former sentence ordered under § 27 or § 28 had the effect of terminating the prior sentence then being served. Twenty-first Report of the Judicial Council, Pub. Doc. No. 144, at 31 (December, 1945). In 1955, the Legislature, as part of a general reorganization of the Commonwealth's correctional system, amended § 27 and § 28 of G. L. c. 279. See St. 1955, c. 770. The amendment of G. L. c. 279, § 27, was of a minor nature[7] and in no way affected the "discharge at expiration" language that remained in the statute. In comparison, the Legislature amended G. L. c. 279, § 28, by deleting the entire sentence which had read, "[t]he convict shall thereupon be removed accordingly and shall be discharged at the expiration of his sentence thereto."

The plaintiff argues that the 1955 amendment of § 28 neither expressly states nor necessarily implies that the Legislature intended to change the legal effect of the forthwith sentence which, prior to the amendment, would have terminated the earlier imposed M.C.I., Concord, sentences. Such a construction, we believe, is not warranted in view of the foregoing legislative history. "[W]hen any statute is revised, or one act framed from another some parts being omitted, the parts omitted are not to be revived by construction, but are to be considered as annulled. To hold otherwise would be to impute to the Legislature gross carelessness or ignorance; which is altogether inadmissible." *National Shawmut Bank* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*, 361 Mass. 219, 223 (1972), quoting from *Ellis* v. *Paige*, 1 Pick. 43, 45 (1822). Here the effect of the amendment was to remove from the statute the words that were the source of the previous interpretation of the statute. The defendant would have us put back into a statute words

---

[7] Under the amendment newly sentenced prisoners would be removed to the reception center established under G. L. c. 127, § 20, rather than to State prison.

that the Legislature removed.  We agree with the Superior Court judge that a prior M.C.I., Concord, sentence survives a forthwith sentence to a house of correction under G. L. c. 279, § 28, as amended.

*Judgment affirmed.*