[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1531

 JIMMY D. BATISTE,

 Petitioner,

 v.

 SANDRA SCOTT,
 DIRECTOR OF HILLSIDE PRE-RELEASE CENTER,

 Respondent.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Mark L. Wolf, U.S. District Judge] 

 

 Before

 Selya, Circuit Judge, 
 Cyr, Senior Circuit Judge, 
 and Boudin, Circuit Judge. 

 

Jimmy D. Batiste on brief pro se. 
Scott Harshbarger, Attorney General, and William J. Meade, 
Assistant Attorney General, on brief for respondent.

 

 January 23, 1998
 

 Per Curiam. Petitioner Jimmy Batiste appeals pro se 

from a district court judgment dismissing his 28 U.S.C. 

2254 habeas corpus petition. Two successive Massachusetts

state court convictions are here at issue. Both involved

assault and battery with a dangerous weapon; both resulted in

prison terms. Petitioner seeks to challenge his first

conviction. Yet the district court determined that, at the

time the instant petition was filed, the first sentence had

expired and petitioner was serving his second sentence. The

court therefore dismissed the petition on the ground that

petitioner was not "in custody" pursuant to the conviction

and sentence under attack. See Maleng v. Cook, 490 U.S. 488, 

490-91 (1989) (per curiam) (citing 28 U.S.C. 2241(c)(3),

2254(a)). Petitioner has offered nothing, either below or on

appeal, to call this conclusion into question. We affirm

substantially for the reasons recited by the district court,

adding only the following comments for purposes of emphasis.

 Contrary to petitioner's assertion, the two sentences

did not run consecutively. His second sentence, rather than

constituting a "from and after" sentence under Mass. G.L. c.

279 8A, was imposed pursuant to Mass. G.L. c. 279 27 to

take effect "forthwith and notwithstanding" the first

sentence. See Dale v. Commissioner of Correction, 17 Mass. 

App. Ct. 247, 249 (1983) (noting that "forthwith" sentence

 -2-

imposed under this provision "terminate[s]" the preexisting

sentence); In re Kinney, 5 Mass. App. Ct. 457, 461 n.3 (1977) 

(same). As consecutive sentences were not involved here,

petitioner's reliance on Garlotte v. Fordice, 515 U.S. 39 

(1995), and Peyton v. Rowe, 391 U.S. 54 (1968), is misplaced. 

 Alternatively, petitioner contends that he is still able

to challenge his first conviction, by means of a habeas

petition directed at his second sentence, inasmuch as the

first conviction was used to enhance the second sentence.

See, e.g., Young v. Vaughn, 83 F.3d 72, 75-76, 78 (3d Cir.), 

cert. denied, 117 S. Ct. 333 (1996); see also Maleng, 490 

U.S. at 494 (leaving question open). We need not address the

propriety of such a procedure, however, because no such

enhancement has been shown to have occurred here. Certainly

no formal sentencing enhancement mechanism--such as those

appearing in Mass. G.L. c. 265 15A(a); id. c. 279 25--was 

triggered; despite petitioner's initial reliance on the

former, those provisions are inapplicable by their very

terms. Petitioner instead suggests that some sort of

informal enhancement was undertaken. Yet various factors

belie such speculation--such as that the minimum term of the

second sentence (which called for 2 1/2 to 10 years in

prison) was the lowest then permitted, and that the superior

court judge eschewed a consecutive sentence. Nor has

petitioner provided any basis for suspecting that the first

 -3-

conviction influenced the maximum term of the second sentence

or the timing of his eventual release.

 Petitioner is correct in observing that, had the first

conviction not occurred, there would have been no reason to

impose a "forthwith" sentence for his second conviction. But

this assertion accomplishes nothing. It does not mean that,

were petitioner able to overturn his first conviction, the

forthwith sentence would have been invalidly imposed. More

important, it does not mean that his second sentence would be

reduced as a result. 

 For these reasons, which the district court explained at

greater length, petitioner's contention that he satisfied the

"in custody" requirement proves mistaken. His further

complaint--that the cancellation of a scheduled hearing

deprived him of an adequate opportunity to articulate his

views--is belied by the record. 

 Affirmed. See Loc. R. 27.1. 

 -4-