WILLIAM J. ALLEN *vs.* COMMONWEALTH. March 27, 2006. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Postconviction relief.

William J. Allen was convicted of armed robbery while masked and felony-murder in the first degree as a joint venturer in the robbery, and we affirmed the conviction of felony-murder. *Commonwealth* v. *Allen,* 430 Mass. 252, 252 n.1, 259 (1999). Acting pro se, Allen subsequently filed in the Superior Court a motion for a new trial, a motion requesting findings of fact and conclusions of law, and other motions, all of which were denied. Allen then filed a petition, pursuant to G. L. c. 211, § 3, in the county court, essentially seeking review of at least some of the Superior Court judge's orders.

Although Allen's petition refers to G. L. c. 278, § 33E, he requests relief under G. L. c. 211, § 3. As we have said, however, relief under G. L. c. 211, § 3, is extraordinary, and a single justice does not err or otherwise abuse his discretion in denying relief where adequate alternative remedies exist. *Lykus* v. *Commonwealth,* 432 Mass. 160, 161-162 (2000). Because we have already accorded Allen plenary review on his direct appeal, he "is required to follow the specific provisions of § 33E for appealing from a Superior Court judge's denial of a motion seeking postconviction relief," including petitioning "a single justice for permission to appeal." *Id.* at 162. Where the mechanism of G. L. c. 278, § 33E, was available, the single justice did not err in denying relief pursuant to G. L. c. 211, § 3. *Id.* at 161.

While the single justice properly denied the petition under G. L. c. 211, § 3, it is unclear whether Allen may also have intended that his petition be treated as a gatekeeper petition, pursuant to § 33E. For that reason, we remand the case to the county court for reconsideration of the matter as a petition under that statute. "[T]he decision of the single justice, acting as a gatekeeper pursuant to G. L. c. 278, § 33E, [will be] 'final and unreviewable.' " *Commonwealth* v. *Herbert,* 445 Mass. 1018, 1018 (2005), quoting *Commonwealth* v. *Perez,* 442 Mass. 1019, 1019 (2004).

*So ordered.*

The case was submitted on briefs.

*William J. Allen,* pro se.

*Timothy J. Cruz,* District Attorney, *& Carolyn A. Burbine,* Assistant District Attorney, for the Commonwealth.