JOHN WILBORN[1] *vs.* COMMONWEALTH. February 7, 2007. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Postconviction relief, Interlocutory appeal.

A jury convicted the petitioner in 1978 of murder in the first degree, as well as rape and kidnapping. We affirmed the convictions and, after plenary review pursuant to G. L. c. 278, § 33E, declined either to reduce the murder verdict or to order a new trial. *Commonwealth* v. *Wilborne*, 382 Mass. 241, 255 (1981). At least five subsequent motions for postconviction relief were denied by judges in the Superior Court. Twice, the petitioner unsuccessfully petitioned a single justice of this court for leave to appeal, pursuant to the gatekeeper provision of G. L. c. 278, § 33E; the petitioner moved to dismiss a third petition before it was decided, and did not seek leave to appeal from the denial of the remaining motions.

In 2002, the petitioner filed a G. L. c. 211, § 3, petition in the county court seeking relief that either was sought or could have been sought in the Superior

---

[1]We adopt the correct spelling of the petitioner's surname while noting the spelling on the indictments in the case reported at 382 Mass. 241 (1981).

Court.[2] A single justice of this court eventually denied all relief without a hearing. We affirm.

Relief under G. L. c. 211, § 3, is extraordinary, and "a single justice does not err or otherwise abuse his discretion in denying relief where adequate alternative remedies exist." *Allen* v. *Commonwealth*, 446 Mass. 1008, 1008 (2006). As in the *Allen* case, the petitioner in this case received plenary review in his direct appeal. See G. L. c. 278, § 33E. While he thereafter was free to pursue postconviction relief in the Superior Court, he was " 'required to follow the specific provisions of § 33E for appealing from a Superior Court judge's denial of a motion seeking postconviction relief,' including petitioning 'a single justice for permission to appeal.' " *Allen* v. *Commonwealth, supra*, quoting *Lykus* v. *Commonwealth*, 432 Mass. 160, 162 (2000). The fact that the petitioner "failed to pursue the alternative route or pursued it unsuccessfully" does not create a right to relief under G. L. c. 211, § 3. *Tavares* v. *Commonwealth*, 447 Mass. 1011, 1011 (2006).[3]

The single justice neither erred nor abused his discretion in denying relief.

*Judgment affirmed.*

The case was submitted on briefs.

*John Wilborn*, pro se.

*Kenneth E. Steinfield*, Assistant District Attorney, for the Commonwealth.

---

[2]The petitioner also filed a variety of motions in the county court concerning blood type and deoxyribonucleic acid (DNA) evidence; requesting a copy of the trial transcript; and seeking appointment of counsel. Except as to the trial transcript issue, the petitioner alleges no abuse of discretion or other error by the single justice in denying the relief requested.

[3]The petitioner also asks that we order his former (trial) counsel to provide him with a copy of the trial transcript. Not only is former counsel not party to these proceedings, but there is also evidence in the record indicating that counsel no longer has the transcript or any other portion of the petitioner's case file.