COMMONWEALTH *vs.* WILLIAM BARTON. No. 08-P-1617. June 29, 2009. *Practice, Criminal,* Sentence. *Imprisonment,* Credit for time served.

The defendant appeals from the denial by a judge of the Superior Court in Middlesex County of the defendant's motion to apply additional jail credits to a sentence for armed robbery.[1] He complains that the judge erred in denying his motion, pursuant to G. L. c. 279, § 33A. The Commonwealth opposes the grant of this credit on the ground that such an award would improperly give the defendant double credit. We affirm.

---

[1]The defendant previously received a twenty-day credit against the Middlesex sentence. The propriety of this order is not before us.

On April 2, 2007, the defendant was sentenced in Superior Court in Norfolk County to two concurrent terms of from three years to three years and one day on armed robbery convictions unrelated to the Middlesex case. The judge granted the defendant credit for 402 days, from the date of the defendant's pretrial confinement on the Norfolk charges, February 23, 2006, to the date of sentencing on those charges, April 2, 2007.[2]

On June 26, 2006, the defendant was arraigned in Superior Court in Middlesex County on the indictment at bar, to which he pleaded guilty on March 14, 2007; on April 27, 2007, he was ordered to serve a sentence of from three years to three years and one day concurrently with the Norfolk sentences.

The defendant contends that it was error for the judge to deny credit against the sentence he received on the Middlesex robbery for the time between his Middlesex arraignment on June 26, 2006, and his Norfolk sentencing on April 2, 2007. For this claim he relies upon *Commonwealth v. Carter*, 10 Mass. App. Ct. 618, 621 (1980), in which the court stated that "[a]ny sentence being served concurrently with a sentence to which a jail credit is applied should receive the benefit of the same credit so that the sentence in fact retains a concurrent status," and *Commonwealth v. Murphy*, 63 Mass. App. Ct. 753 (2005), which, according to the defendant, mirrors his case. Such reliance is misplaced, however.

"There can be no question, as the defendant argues, that a prisoner is entitled to credit for time spent confined to jail before sentencing so long as that confinement is related to the criminal episode for which the prisoner is then sentenced. See G. L. c. 279, § 33A. However, as was said in *Needel, petitioner*, 344 Mass. 260, 262 (1962), 'The short answer is that the petitioner [during the questioned period] was not held "in custody awaiting trial" nor "in confinement prior to such sentence and while awaiting trial." He was in confinement pursuant to a sentence for an unrelated crime of which he had been convicted. The statutory purpose was not to allow deductions for time served under sentence for another crime, but was to afford relief to those not convicted and not serving any sentence but who because of inability to obtain bail, for example, were held in custody awaiting trial.' See also *Libbey v. Commissioner of Correction*, 353 Mass. 472, 475-476 (1968); *Kinney, petitioner*, 5 Mass. App. Ct. 457, 460 (1977); [*Carter, supra* at 620 n.4]." *Commonwealth v. Foley*, 15 Mass. App. Ct. 965, 966 (1983). See *Commonwealth v. Milton*, 427 Mass. 18, 23-25 (1998).

Here, on the date the defendant was sentenced on the Norfolk robberies, April 2, 2007, the judge awarded the defendant 402 days in credit for the time he spent in pretrial confinement in that case. Consequently, on April 27, 2007, when he was sentenced on the Middlesex robbery, the defendant was then serving his sentences for the unrelated Norfolk offenses — sentences which effectively commenced on February 23, 2006. Thus, while the defendant awaited trial on the Middlesex indictment, he was, in effect, serving the Norfolk sentences. As a result, he was not entitled to credit against the Middlesex sentence for this time.

Significantly, while the later Middlesex sentence was ordered to be served concurrently with the Norfolk sentences, and the length of the Middlesex

---

[2]We use the dates specified in the defendant's affidavit in support of his motion for jail credit, as they appear undisputed.

sentence was the same as the Norfolk sentences, the Middlesex sentence was not ordered or required to commence on the same date as the Norfolk sentences. We observe that "concurrent" sentences may be imposed in several different ways, such as, but not limited to, the following examples: first, when multiple concurrent sentences for several different offenses arising from a single criminal episode are ordered on and will begin on the same date; second, when multiple concurrent sentences for several different offenses that arise from several different criminal episodes, perhaps in different counties, but with circumstances being viewed by the later sentencing judge as warranting an order for the later-imposed sentences to begin on the same date as the first, nunc pro tunc; third, when multiple concurrent sentences are ordered on different dates, on account of different offenses that arise from different criminal episodes, whether or not in different counties and, although the later-imposed sentences are ordered to be served concurrently with the first sentence imposed, there is no order by the judge that they are to begin as of the date on which the earlier-imposed sentence commenced, resulting in the possibility that one or more of the later-imposed sentences will extend beyond the completion date of the sentences imposed earlier.

The language from *Carter*, *supra* at 621, quoted above and upon which the defendant relies, is especially inapposite and does not govern the sentences in cases such as those represented in the third example above, and of which this case is one. First, the facts in *Carter* were more representative of the first example noted above, with all indictments involved having resulted from the same criminal episode; the issue in the case related to the one sentence (of four) that was ordered to be served consecutively, and it was as against that consecutive sentence that the defendant sought credit, this in addition to the credit for the same period of time for which the defendant had already received credit against the sentence that the defendant would first serve. Indeed, in rejecting the defendant's claim for additional credit, the court stated: "[f]rom what we have said it follows that were a sentence to expire with jail time credit unexhausted, *that remaining time is to be applied to the balance of concurrent* and consecutive *sentences left to be served*" (emphasis supplied). *Ibid.* Here, all of the defendant's pretrial detention was awarded as credit against the Norfolk sentences — there will be no unexhausted credit following completion of the Norfolk sentences. If this had not been the case, the unexhausted balance would have been applied to the Middlesex sentence.

Furthermore, that credit for time spent in pretrial detention in all situations of concurrent sentences would not be treated the same was noted in *Murphy*, 63 Mass. App. Ct. at 757 n.9, a case with facts distinguishable from those herein. There, the first sentencing judge (in Middlesex County) erroneously did not give credit for time served while the defendant awaited trial, apparently believing that the date of arrest and detention of the defendant on Suffolk County charges, which predated the pretrial detention (due to increased bail) in the Middlesex case, dictated the sentence against which credit should be awarded, namely, to the Suffolk sentence. From May 5, 1999, to October 19, 2000, the defendant was held in lieu of bail concurrently on charges in both counties and was not deemed to have been serving any sentence prior to the Middlesex sentencing. In *Murphy*, *supra* at 757, the court noted that "[o]nce it is understood that the defendant was being held for trial on cases from both counties, it is incumbent on the sentencing judge to ensure that the

defendant receives credit for that time against the higher sentence," and since the defendant in that case, unlike the instant case, had not been credited with the time served before sentencing, the court ordered the mittimus corrected.

More consistent with the facts herein are those in *Commonwealth* v. *Blaikie*, 21 Mass. App. Ct. 956 (1986); there, the defendant unsuccessfully sought to overturn the denial of his request for credit to be applied against later-imposed Suffolk sentences as had been earlier awarded against a Middlesex sentence. In that case, the court "perceive[d] no special consideration of fairness which require[d] crediting the Suffolk sentences with time spent in confinement awaiting sentence on the unrelated Middlesex offenses." *Id.* at 957. Here, since the first sentencing judge credited the Norfolk sentences with the time from February 23, 2006, to April 2, 2007, and that period is wholly inclusive of the period the defendant claims as credit on the Middlesex sentence, contrary to the defendant's assertion otherwise, there is no special consideration of fairness that supports the credit that the defendant seeks. The judge did not err in denying the defendant's motion.

*Order denying motion to receive jail credit affirmed.*

The case was submitted on briefs.

*William Barton*, pro se.

*KerryAnne Kilcoyne*, Assistant District Attorney, for the Commonwealth.