OSCAR L. LEDBETTER, JR. *vs.* COMMONWEALTH. March 16, 2010. *Practice, Criminal,* Sentence. *Supreme Judicial Court,* Superintendence of inferior courts. *Imprisonment,* Credit for time served. *Habeas Corpus.*

The petitioner, Oscar L. Ledbetter, Jr., appeals from the denial by a single justice of this court of his petitions seeking credit for time spent in custody

[1]White named the Superior Court as the respondent, but the court is a nominal party only. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996). The Commonwealth, as the opposing party in the underlying criminal action, is the real party in interest and has appeared and defended this appeal.

while awaiting trial on certain criminal charges, and for a variety of other relief. We affirm.

While on probation for an assault and battery conviction in the District Court, Ledbetter was arrested, arraigned, and subsequently indicted on various drug charges. His probation was revoked based on those pending charges, and he was ordered to serve the suspended portion of his assault and battery sentence. He was given credit on the District Court sentence for the time he had spent in custody following his arrest.[1] When Ledbetter was released from the assault and battery sentence, he continued to be held in custody awaiting trial on the four pending drug charges. Ultimately, he pleaded guilty and was sentenced. He was given jail credit for the period from the date of his release from the assault and battery sentence until the date of sentencing on the drug convictions. His motions to receive additional jail credit (including for the time spent serving the assault and battery sentence), and to revise and revoke his sentences, were denied by a Superior Court judge. It does not appear that he appealed from the denial of those motions.

Instead, Ledbetter filed a "Motion for Jail Credit" in the county court seeking credit on his sentence for the entire period from his February 6, 2007, arrest to his December 2, 2008, guilty plea and sentencing on the drug charges. He also filed a variety of other documents and motions, generally seeking discovery of allegedly exculpatory evidence, challenging the evidence on which his convictions are based, or alleging unlawful conduct of police officers and others. The single justice denied relief pursuant to G. L. c. 211, § 3, concluding that the petitioner had received proper credit for time served while awaiting trial.[2]

Regardless whether the materials before the single justice are viewed as attempts to obtain general superintendence relief, see G. L. c. 211, § 3, or as attempts to obtain habeas corpus relief, see G. L. c. 248, the single justice correctly denied relief. With respect to general superintendence relief, it is axiomatic that relief under G. L. c. 211, § 3, is extraordinary, and not available where adequate alternative remedies exist. See *Azubuko* v. *Commonwealth*, 448 Mass. 1033, 1034 (2007); *Wilborn* v. *Commonwealth*, 448 Mass. 1010, 1010-1011 (2007). Although it was his burden to do so, Ledbetter has not demonstrated the absence or inadequacy of viable alternatives, such as appealing from the Superior Court judge's denial of his motions for sentencing relief, see, e.g., *Commonwealth* v. *Foley*, 15 Mass. App. Ct. 965, 966 (1983), or, to the extent he now seeks withdrawal of his guilty pleas and other postconviction relief, by filing a motion pursuant to Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001), in the Superior Court. See, e.g., *Commonwealth* v. *Furr*, 454 Mass. 101, 106-107 (2009).

Nor do Ledbetter's filings establish an appropriate basis for a writ of

---

[1]There is no merit to the petitioner's contention that pending criminal charges may not form the basis for revocation of probation. See, e.g., *Rubera* v. *Commonwealth*, 371 Mass. 177, 180-181 (1976) (no prerequisite that probationer be convicted of subsequent violation of criminal laws for those violations to form basis for probation violation). See also *Commonwealth* v. *Durling*, 407 Mass. 108, 112 (1990).

[2]The petitioner has filed a substantial number of additional documents, including motions, petitions, and affidavits, before this court. "We confine our review in this appeal to the materials that were before the single justice." *Russell* v. *Nichols*, 434 Mass. 1015, 1016 n.4 (2001).

habeas corpus. "[A] petition for a writ of habeas corpus may be brought by an individual who contends that 'the term of a lawfully imposed sentence has expired,' . . . and who bases his arguments on 'grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage.' " *Stewart, petitioner*, 411 Mass. 566, 568 (1992), quoting *Averett, petitioner*, 404 Mass. 28, 30-31 (1989). Ledbetter's filings primarily challenge the legality of the charges against him, the validity of his conviction, and the structure of his sentences. Moreover, he is not, as he claims, entitled to credit against his Superior Court drug sentences for the time he was incarcerated on an unrelated District Court assault and battery sentence. See *Commonwealth* v. *Milton*, 427 Mass. 18, 19 (1998) (defendant not entitled to credit for time served awaiting trial on prior, wholly unrelated charge); *Needel, petitioner*, 344 Mass. 260, 262 (1962) (credit for time served on sentence for unrelated crime not available). See also *Commonwealth* v. *Blaikie*, 21 Mass. App. Ct. 956, 957 (1986) ("We perceive no special consideration of fairness which requires crediting the Suffolk sentences with time spent in confinement awaiting sentence on the unrelated Middlesex offenses"). Finally, even assuming he was entitled to all the jail credits he claims, there would still be time remaining on his sentence and, therefore, he would not be entitled to immediate release.

*Judgment affirmed.*

The case was submitted on briefs.

*Oscar L. Ledbetter, Jr.*, pro se.

*Joseph A. Pieropan*, Assistant District Attorney, for the Commonwealth.