NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12289


COMMONWEALTH  vs.  DAVID LYDON.


May 26, 2017.


Imprisonment, Credit for time served.  Practice, Criminal,
    Sentence, Judicial discretion.


        The defendant, David Lydon, appeals from an order denying
his motion for credit for time being served in a house of
correction for one set of offenses, while he was awaiting trial
and sentencing in the Superior Court on a second, unrelated set
of offenses.  The Appeals Court affirmed the denial of the
motion in a unpublished memorandum and order issued pursuant to
its rule 1:28, see Commonwealth v. Lydon, 90 Mass. App. Ct. 1118
(2017), and this court granted further appellate review.
Although the defendant is not entitled as of right to the credit
he seeks, we recognize that in appropriate circumstances a judge
has discretion to impose a concurrent State prison sentence nunc
pro tunc to the commencement of a house of correction sentence
then being served.  Because the judge did not consider whether
to exercise his discretion in that regard, we vacate the order,
and remand for further consideration.

        Discussion.  While the defendant was on probation for
various drug offenses (Roxbury charges), he was arrested and
arraigned in the District Court for three new robbery offenses,
for which he later was indicted and arraigned in the Superior
Court (Dorchester charges).  About five weeks after his arrest
on the Dorchester charges, the defendant stipulated to violation
of the conditions of his probation, was sentenced on the Roxbury
charges, and began serving a six-month committed sentence in the
house of correction.  One hundred and thirty-two days later
(while he was serving the Roxbury sentence), he pleaded guilty
to the Dorchester charges, and was given a committed sentence to

State prison "forthwith and notwithstanding" the Roxbury sentence. The sentencing judge credited against the Dorchester sentence the thirty-six days the defendant had been held before sentencing on the Roxbury charges, but denied the defendant's motion for additional credit for the 132 days he already had served on the existing Roxbury sentence.

The defendant does not argue that he was entitled as of right to a 132-day jail credit on the Dorchester sentence. Instead, his claim is that a judge has discretion to authorize such credit in these circumstances for two reasons: first, under Commonwealth v. Ridge, 470 Mass. 1024, 1025 (2015), a judge has discretion to award jail credit directly; and, second, a judge has discretion to effectively authorize a credit by imposing a concurrent sentence in a separate case nunc pro tunc to the commencement of the prior sentence. See Commonwealth v. Barton, 74 Mass. App. Ct. 912, 914 (2009). We reject the first contention, but agree with the second point.

1. Direct jail credit. Ridge, supra, does not support the defendant's claim that a direct award of jail credit is discretionary in these circumstances. In Ridge, the defendant was held in lieu of bail on two sets of unrelated charges: one set in Plymouth County, and the other set in Norfolk County. He was sentenced first in Norfolk County, and was given credit on that sentence for the period of pretrial detainment. When he was sentenced a year later in Plymouth County to time concurrent with the Norfolk sentence, he failed to seek jail credit for the same period of pretrial detention. In that circumstance, the court held that "had the defendant requested credit for his pretrial detention at the time of the Plymouth County sentencing, the sentencing judge plainly would have had the power to accede to or to deny the request." Ridge, 470 Mass. at 1025. Ridge did not involve credit "against [one sentence] for the time [a defendant] was incarcerated on an unrelated . . . sentence," Ledbetter v. Commonwealth, 456 Mass. 1007, 1009 (2010), and the motion judge properly ruled that the defendant was not entitled to jail credit on that basis.

2. Concurrent sentences. The judge ordered the defendant's State prison sentence on the Dorchester charges to take effect "forthwith and notwithstanding" the house of correction sentence then being served on the Roxbury charges. See Dale v. Commissioner of Correction, 17 Mass. App. Ct. 247, 249 (1983). Pursuant to G. L. c. 279, § 27, the effect of such a sentence is that "the sentence then being served in the jail or house of correction is terminated and the prisoner is

'discharged at the expiration of his [State prison] sentence.'" Dale, supra, quoting Kinney, petitioner, 5 Mass. App. Ct. 457, 461 n.3 (1977). We agree with the defendant that the judge also had discretion to consider whether the circumstances warranted imposition of the concurrent State prison sentence nunc pro tunc to the commencement of the house of correction sentence. See Barton, 74 Mass. App. Ct. at 914 (considering possibility of "multiple concurrent sentences for several different offenses that arise from several different criminal episodes, perhaps in different counties, but with circumstances being viewed by the later sentencing judge as warranting an order for the later-imposed sentences to begin on the same date as the first, nunc pro tunc"). There is a difference between "whether the judge knew he had discretion and exercised it, or believed that his decision was compelled." See Commonwealth v. Ruiz, 400 Mass. 214, 215-216 (1987). In this case, the judge did not recognize his discretionary authority.

Conclusion. The Superior Court judge has not considered whether, in the exercise of his discretion, the circumstances warrant ordering the defendant's concurrent State prison sentence to commence nunc pro tunc to commencement of the house of correction sentence. Accordingly, we vacate the judge's order denying the motion for jail credit, and remand for reconsideration of the motion consistent with this opinion.

So ordered.

Jeffrey A. Garland, Committee for Public Counsel Services, for the defendant.
Helle Sachse, Assistant District Attorney, for the Commonwealth.