The defendant appeals from the order denying his motion for a corrected mittimus, contending that he had earned more days of jail credit than the sentencing judge actually credited him with. We affirm.
On June 4, 2008, the defendant, while on probation, was arraigned on narcotics charges and held on $5,000 bail (which he did not post). A superseding indictment against the defendant was returned on January 16, 2009; on that same day he was arraigned on that indictment and a nolle prosequi was entered on each charge in the 2008 indictment. Also on that day a judge held a probation violation hearing and, based on the new charges, found the defendant to be in violation of his straight probation stemming from an unrelated 1998 indictment. The judge revoked his probation and imposed concurrent seven-to-eight year prison sentences on the 1998 charges. Given the defendant's new term of commitment, he was ordered "released on $100.00 personal recognizance" for the 2009 indictment, in accordance with G. L. c. 276, § 58.
On July 23, 2010, now before a second judge, the defendant pleaded guilty and was sentenced to prison on narcotics charges contained in his 2009 indictment. On October 7, 2011, the defendant moved "to reinstate jail credits" earned on these charges, and the sentencing judge allowed 226 days of jail credit-equivalent to the number of days he was held between June 4, 2008, the date of the original $5,000 bail, and January 16, 2009, the day his probation was revoked and he began his committed sentence on the 1998 indictment. On April 18, 2017, the defendant filed a motion for a corrected mittimus on the 2009 charges, asserting that he was owed an additional 327 days of jail credit (for a total of 553 days) to include the time he was held between being sentenced upon his probation revocation and his guilty pleas in 2010. The motion was denied, and is the subject of the present appeal.
The motion was rightly denied. Pursuant to G. L. c. 279, § 33A, as appearing in St. 1961, c. 75, a prisoner is "deemed to have served a portion of [his] sentence, such portion to be the number of days spent by the prisoner in confinement prior to such sentence awaiting and during trial." The period of time for which the defendant asserts he is due credit had no relation to the present charges, as he was being held as a part of a sentence imposed on earlier charges after violating his probation. "There can be no question ... that a prisoner is entitled to credit for time spent confined to jail before sentencing so long as that confinement is related to the criminal episode for which the prisoner is then sentenced." Commonwealth v. Barton, 74 Mass. App. Ct. 912, 913 (2009) (quotation omitted). Likewise, "time spent in custody awaiting trial for one crime generally may not be credited against a sentence for an unrelated crime." Commonwealth v. Milton, 427 Mass. 18, 24 (1998).
The defendant contends, relying on Barton, supra, that his confinement on the 1998 charges is "related" to the 2009 charges because the latter served as the triggering event for his probation revocation on the former. He is misguided. The defendant was appropriately credited with the 226 days during which he was held between his initial 2008 arraignment and the probation violation hearing. The time served between the imposition of his committed sentence upon revocation of probation and his eventual guilty pleas on the 2009 charges was properly considered to be unrelated, and the defendant's motion for a corrected mittimus was appropriately denied.
Order denying motion to correct mittimus affirmed.