The issue before us is whether the defendant is entitled to jail credit for time he spent awaiting trial, or whether he already received appropriate credit for that time on an earlier sentence for a probation violation. After review, we conclude that the defendant already received credit for the time he served and that awarding him additional jail credit would be "double counting" and inappropriate.
On August 5, 2010, the defendant was arraigned on four charges of rape of a child. He was held on bail and on October 14, 2010, pleaded guilty to three of those charges.[2] On one count, the defendant received a sentence of two and one-half years in the house of correction, committed, with credit for 167 days spent in custody before the plea. On the remaining two counts, he received a sentence of no less than two and no more than ten years in State prison, suspended for three years of probation, with certain conditions, the probation to begin "from and after" the committed portion of his sentence.
Thereafter, the defendant was charged three times with violations of the terms of his probation. Each time, he initially was held without bail pending a final hearing, but was then placed back on probation. Finally, on February 27, 2014, he was "brought into court from District Court on new charges." The judge found probable cause that the defendant had committed a probation violation, specifically a new criminal offense, and held him without bail. On September 24, 2014, after a hearing, the judge found that the defendant had violated the terms of his probation by committing a new offense and sentenced him to the suspended sentence. At that time, he was given credit for 233 days, deemed already served, awaiting the various violation hearings while he was on probation.[3]
That new criminal charge -- the one that triggered the probation violation hearing -- is the case before us. On March 24, 2014, while already in custody on the probation case, the defendant was indicted on a new, unrelated charge of rape. On March 2, 2015, he pleaded guilty in that case, and was sentenced to four to six years in State prison (with no jail credits), that sentence to run concurrently with the revocation sentence he was already serving. Notably, this new sentence was not "ordered or required to commence on the same date as the [revocation] sentence[ ]." Commonwealth v. Barton, 74 Mass. App. Ct. 912, 914 (2009).
On June 18, 2017, the defendant, acting pro se, brought a motion to correct the mittimus in this case to reflect 388 days of pretrial detention he spent awaiting trial. On August 4, 2017, the motion judge denied the motion, concluding that the defendant was "entitled to no jail credits" in the present case because "the entire period of his detention, up to his sentencing in [the present] case, was credited to his revocation sentence." On appeal, the defendant claims this was error because, in fact, he was in custody for all of the time between his arraignment and the time that he pleaded guilty in this case.[4]
The defendant is correct that he was held on this case for all of that time. The docket sheet shows that bail was set at $100,000 at the time of his arraignment and remained at that amount until the time of the plea. However, for all of the time between the defendant's arraignment on this case and the time of his plea, he also was held on his open probation case, either before the violation hearing or afterwards, when he was serving his sentence after being found in violation of the terms of his probation for the new offense. The motion judge so found, saying "the entire period of his detention, up to his sentencing in [the rape] case, was credited to his revocation sentence. The defendant is not entitled to double counting of jail credits. As the Supreme Judicial Court has stated: 'care should be taken to ensure that a prisoner is not banking time or getting double credit for time.' [ Williams v. Superintendent, Mass. Treatment Center ], 463 Mass. 627, 632 (2012)."
What the defendant seeks, in essence, is double credit for time he spent in pretrial detention for a prior, unrelated crime.[5] "When faced with a request for jail time credit regarding unrelated offenses, ... care should be taken to ensure that a prisoner is not ... getting double credit for time." Ibid. In Commonwealth v. Carter, 10 Mass. App. Ct. 618, 621 (1980), we noted that "[a]ny sentence being served concurrently with a sentence to which a jail credit is applied should receive the benefit of the same credit so that the sentence in fact retains a concurrent status." However, we subsequently explained that that requirement does not apply to the situation here -- a concurrent sentence on an unrelated offense, arising from a different criminal episode. See Commonwealth v. Blaikie, 21 Mass. App. Ct. 956, 957 (1986) ; Barton, 74 Mass. App. Ct. at 914 ("The language from [ Commonwealth v.] Carter, [10 Mass. App. Ct. 618, 621 (1980) ] ... does not govern the sentences in cases" where "multiple concurrent sentences are ordered on different dates, on account of different criminal offenses, ... although the later imposed sentences are ordered to be served concurrently with the first sentence imposed," except when there is unexhausted jail time credit remaining when the first sentence expires, which then must be applied to the remaining sentence). "[A] defendant is generally entitled to [credit for] all of the time he spent in custody awaiting trial, but not more than that." Commonwealth v. Murphy, 63 Mass. App. Ct. 753, 757 (2005).
In short, we see neither error nor an abuse of discretion in the denial of the defendant's motion to correct mittimus.
Order denying motion to correct mittimus affirmed.

The prosecutor filed a nolle prosequi on the third of the four charges.

While the record before us ndicates some 219 days' credit, it is likely that the additional days were spent held on bail in the District Court.

Specifically, the defendant seeks credit for the period from February 7, 2014, to March 2, 2015, totaling 388 days; the Commonwealth contends that the defendant would be entitled only to 368 days (from February 27, 2014, to March 2, 2015). In his order, the judge found that the defendant was held in custody beginning on February 7, 2014. Again, although the record before us is not entirely clear, it is likely that any

discrepancy is accounted for by time that the defendant was held on District Court bail before he appeared in Superior Court. It is true that the probation violation for which the defendant was sentenced was, in fact, the new offense that is the case before us. Nonetheless, in the end, the two cases involve separate, unrelated, though similar, serious criminal offenses, separated in time. It is neither inappropriate nor unfair for the defendant to serve the two sentences separately -- although, in fact, the judge in the present case ordered the second sentence to run concurrently with the probation violation sentence.