NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1059

COMMONWEALTH

vs.

DWAYNE J. RICHARDSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2014, the defendant was convicted by a jury of two counts of unlawful possession of a shotgun and one count of unlawful possession of a rifle, all in violation of G. L. c. 269, § 10 (a).[1] Each of the indictments further alleged that the defendant, having previously been convicted of three violent crimes or serious drug offenses, was an armed career criminal (ACC), subjecting him to enhanced sentencing under the Armed Career Criminal Act (ACCA), G. L. c. 269, § 10G. After a jury-waived trial on the ACC components of the indictments, the trial judge, who also presided over the initial trial, found that the defendant had committed two predicate offenses and sentenced

---

[1] The defendant was also charged with two counts of receiving stolen property in violation of G. L. c. 266, § 60, but these charges were nol prossed.

him, as a level two ACC offender, to concurrent, mandatory-minimum sentences of ten years to ten years and one day for each of the three counts. See G. L. c. 269, § 10G (b). A different panel of this court affirmed these convictions in an unpublished memorandum and order. See Commonwealth v. Richardson, 93 Mass. App. Ct. 1121 (2018).

Approximately four years later, in 2022, the defendant filed a motion for a new sentencing hearing, arguing that, as relevant here, he should be resentenced as a level one ACC offender because the Commonwealth did not introduce sufficient evidence of his guilt with respect to one of the predicate offenses supporting his sentencing enhancement and that, also at sentencing, he received ineffective assistance of counsel. That motion for a new sentencing hearing was denied by a different judge (motion judge), and this appeal followed.[2] We affirm.

Discussion. 1. Findings in support of ACC enhancement. The defendant first argues that the Commonwealth introduced no evidence to demonstrate that the facts he admitted to during his guilty plea in one of the two predicate offenses were sufficient to support a finding that the conviction was based on a harmful,

_____

[2] As part of his motion, the defendant also made a second motion for a new trial. See Commonwealth v. Richardson, 93 Mass. App. Ct. 1121 (2018) (affirming order denying defendant's first motion for new trial). The motion judge did not rule on the second motion for a new trial, and it is not part of this appeal.

rather than a reckless, battery.  See Commonwealth v. Eberhart, 461 Mass. 809, 818 (2012).  He concedes that, however, because he did not raise this issue during his direct appeal, the argument is waived.  We accordingly review for a substantial risk of a miscarriage of justice, Commonwealth v. Roberts, 472 Mass. 355, 359 (2015), and discern no such risk.

"When an individual is convicted of illegally possessing a firearm or ammunition, the ACCA, G. L. c. 269, § 10G, imposes harsher sentences based on the number of times that the individual previously has been convicted of a serious drug offense or 'violent crime.'"  Commonwealth v. Ashford, 486 Mass. 450, 456 (2020).  "The statutory crime of assault and battery, G. L. c. 265, § 13A, encompasses three common-law crimes: harmful battery, reckless battery, and offensive battery."  Eberhart, 461 Mass. at 818.  "Harmful battery is [a]ny touching with such violence that bodily harm is likely to result" (quotations and citations omitted).  Commonwealth v. Vieira, 483 Mass. 417, 423 (2019).  For the purposes of the ACCA, harmful battery constitutes a violent crime, but reckless and offensive battery do not.  Commonwealth v. Perez, 100 Mass. App. Ct. 7, 12-13 (2021).  The Commonwealth, therefore, bore the burden at the ACC bench trial to prove that the factual basis for the defendant's guilty plea could support a finding that the defendant had committed a harmful battery.  See id.

3

Here, the motion judge did not err in concluding that the Commonwealth met its burden during the ACC phase of the trial. With respect to the predicate offense of assault and battery on a police officer, the Commonwealth called a police lieutenant to testify as to the incident. The motion judge described the officer's testimony as follows:

> "Lt. John Boyle of the Cambridge Police Department testified that on October 27, 2004, he encountered the defendant at the Galleria Mall. After Lt. Boyle identified himself as a police officer, the defendant fled. Following a pursuit Boyle and the defendant began fighting. The defendant had his hands around the officer's waist and attempted to lift him from the ground. With assistance from a passerby, Lt. Boyle was able to place the defendant in handcuffs."

The latter half of this testimony, as described here, leaves no ambiguity as to the harmful nature of the defendant's alleged actions and was sufficient to permit the trial judge to conclude that the defendant pleaded guilty to a harmful battery. See Eberhart, 461 Mass. at 818.

The defendant argues that our holding in Perez precludes a conclusion that this testimony alone was sufficient to establish that he committed a harmful battery, but in doing so, he misunderstands our precedent. We concluded in Perez that, if the Commonwealth seeks to prove that the defendant pleaded guilty to a violent crime, "a transcript of the plea hearing or a related document, such as a plea agreement, will be the best evidence of what the defendant was 'convicted of.'" Perez, 100

4

Mass. App. Ct. at 14, quoting G. L. c. 269, § 10G. This admonition should not be read to require such a document, however. See Perez, supra (permitting "the Commonwealth . . . to use other evidence" that is "sufficiently tied to the defendant's plea to support a reasonable conclusion about the facts of the crime to which the defendant actually pleaded guilty"). In Perez, the officers' testimony was insufficient to establish harmful battery because it "could have supported a finding of either intentional or reckless conduct." Id. at 15. Cf. Eberhart, 461 Mass. at 819-820 (evidence insufficient to establish predicate offense of harmful battery where "only evidence . . . was a certified conviction . . . and the testimony of [the] arresting [o]fficer . . . to the effect that the defendant was charged with '[a]ssault and battery domestic'"). Here, by contrast, the testimonial evidence supported the conclusion that the underlying offense was unambiguously harmful. Accordingly, there was no error, let alone a substantial risk of a miscarriage of justice, in denying the motion for resentencing. See Perez, supra at 14-15.

2. Ineffective assistance of counsel. The defendant further contends that he received ineffective assistance of counsel because his attorney did not advocate for him with sufficient vigor during sentencing. As before, the defendant did not raise this argument during his direct appeal, so the

5

argument is accordingly waived.  See Roberts, 472 Mass. at 359.

Again, we review for a substantial risk of a miscarriage of

justice.  Roberts, supra.

To establish a basis for relief on a claim of ineffective

assistance of counsel, the defendant must show that (1)

counsel's conduct fell below the standard of an ordinary,

fallible lawyer, and (2) that shortcoming prejudiced him in some

way.  Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  "When

making a claim of ineffective assistance of counsel at

sentencing, the defendant has the burden of showing 'that he

would have received a lighter sentence had his counsel conducted

himself any differently at sentencing.'"  Commonwealth v.

Gilbert, 94 Mass. App. Ct. 168, 175 (2018), quoting Commonwealth

v. Fanelli, 412 Mass. 497, 503 (1992).

Here, assuming without deciding that counsel's limited

argument during the sentencing hearing was ineffective, the

defendant is nevertheless unable to meet the second prong of the

Saferian standard.  After finding that he had committed two

predicate offenses under the ACCA, the trial judge sentenced the

defendant to concurrent sentences of the mandatory minimum

period of incarceration.  The defendant concedes that these

sentences were the minimum penalty that could be imposed on him,

and instead argues that counsel should have made a more forceful

showing so that he might have been sentenced nunc pro tunc to

6

the effective date of an unrelated sentence he was presently serving.  The Supreme Judicial Court, however, has stated that

> "[w]hen faced with a request for jail time credit regarding unrelated offenses, a judge must give due consideration to two guiding principles.  First, where possible, in the interest of fairness, a prisoner should not be required to serve dead time.  Second, care should be taken to ensure that a prisoner is not banking time or getting double credit for time" (quotation and citation omitted).[3]

Williams v. Superintendent, Mass. Treatment Ctr., 463 Mass. 627, 632 (2012).  See also Commonwealth v. Caliz, 486 Mass. 888, 891 (2021) ("Where there is no controlling statute, we have looked to considerations of fairness to determine whether a defendant is owed credit toward a conviction" [quotation and citation omitted]).  The defendant has not suggested any reason that the circumstances in this case warrant a departure from these principles.[4]  Discerning none ourselves, we conclude that there

---

[3] "The term 'dead time' refers to time spent in confinement for which no day-to-day credit is given against any sentence." Commonwealth v. Milton, 427 Mass. 18, 21 n.4 (1998).

[4] The defendant contends that the holding in Commonwealth v. Lydon, 477 Mass. 1013, 1015 (2017), should be read to suggest that a nunc pro tunc sentence was available to the defendant, and, therefore, that counsel should have argued more forcefully for such a sentence.  While it is doubtless true that judges have discretion to consider whether a nunc pro tunc sentence is appropriate, the circumstances supporting such a sentence are not implicated here.  See Commonwealth v. Barton, 74 Mass. App. Ct. 912, 914 (2009).  See also Williams, 463 Mass. at 632.

was no substantial risk of a miscarriage of justice.

<u>Order denying motion for new sentencing hearing affirmed</u>.

By the Court (Green, C.J., Desmond & Hodgens, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  December 28, 2023.

---

[5] The panelists are listed in order of seniority.