NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-375

COMMONWEALTH

vs.

CARLOS BASTOS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from a Hampden Superior Court judge's allowance of the defendant's motion awarding him jail credit, arguing that the judge abused his discretion because the defendant's original sentence was lawfully imposed and that there was no basis to disturb the sentence. Discerning no abuse of discretion or other error, we affirm.

Background. The defendant committed related crimes in two counties. In Hampden County, he gave another person a firearm that was used to kill the victim, James Rosario. After the shooting, the defendant fled to Plymouth County where he was ultimately arrested and found in possession of ammunition with the murder weapon nearby.

Charges in both counties quickly followed.  The police arrested the defendant on July 15, 2011, and he was arraigned on offenses related to possession of the firearm in the Brockton Division of the District Court Department (Plymouth case).  He remained in custody awaiting trial.  On September 23, 2011, the defendant was arraigned in the Springfield Division of the District Court Department on murder and firearm charges (Hampden case) and held without bail.

Both cases moved to the Superior Court following indictments in the respective counties.  On September 3, 2013, the defendant was convicted on the Plymouth case, and a judge (Plymouth judge) sentenced him to a State prison term of from ten years to ten years and one day.  The defendant received 777 days of jail credit on the Plymouth case for time spent in custody.[1]

On October 30, 2013, the defendant pleaded guilty to a reduced charge of voluntary manslaughter and to two of the firearm charges (carrying a firearm without a license and unlawful possession of ammunition) in the Hampden case.  The judge (sentencing judge) imposed a State prison sentence of from twelve to fifteen years on the manslaughter charge, to run

---

[1] As the motion judge noted, the correct jail credit award on the Plymouth case should have been 781 days, equal to the number of days between July 15, 2011, and September 3, 2013.

2

concurrent with the Plymouth case sentence. The sentencing judge also imposed a State prison sentence of from four to five years on the carrying a firearm without a license charge and a one-year sentence in the house of correction on the possession of ammunition charge, both to run concurrently with the sentence on the voluntary manslaughter charge. At the time of the Hampden County plea, the defendant asked the sentencing judge to run the sentence on the manslaughter charge nunc pro tunc to the date of his arrest in the Plymouth case. The sentencing judge asked about the amount of jail credit to which the defendant was entitled. The Commonwealth stated that it would not agree to the defendant receiving credit on the Hampden case if he received credit on the Plymouth case. The sentencing judge stated that the defendant would receive "whatever credit he is entitled to for this case" and denied the defendant's request that the sentence be nunc pro tunc. The defendant did not receive any credit for time served on the Hampden case.

On September 20, 2023, this court vacated the defendant's sentence on the Plymouth case after concluding that one of the two prior convictions did not qualify as a sentencing enhancement under the Massachusetts armed career criminal act, G. L. c. 269, § 10G (b). See Commonwealth v. Bastos, 103 Mass. App. Ct. 376, 377-381 (2023). On March 15, 2024, the Plymouth judge held a resentencing hearing and resentenced the defendant

3

to a State prison term of from three years to three years and one day. The Plymouth judge denied the defendant's request that the judge impose the sentence nunc pro tunc to September 3, 2013, the date of the defendant's original sentencing, without any jail credit for time spent in pretrial custody. The Commonwealth objected to this proposal, and the Plymouth judge, citing a belief that he lacked discretion to change the award of jail credit on remand, denied the defendant's request and awarded him 777 days of jail credit. On April 24, 2024, the defendant filed a motion to reconsider, asking the Plymouth judge to reconsider his decision denying his request to not award jail credit toward his new sentence. On October 1, 2024, the Plymouth judge allowed the defendant's motion to reconsider and vacated the award of jail credit so that the jail credit could "potentially be awarded on the Hampden Court Case."

On October 17, 2024, the defendant filed a motion in the Hampden Superior Court seeking 839 days of jail credit. On February 10, 2025, a judge in the Hampden Superior Court (motion judge) held a nonevidentiary hearing on the defendant's motion and entered an order and decision on February 11, 2025, awarding 711 days of jail credit on the Hampden case.[2] The Commonwealth now appeals from that order.

_____

[2] On appeal, the defendant does not challenge that decision.

4

Discussion. "[General Laws] c. 279, § 33A, requires a sentencing judge to give a defendant credit for time served in jail before sentencing while awaiting trial and during trial." Commonwealth v. Carter, 10 Mass. App. Ct. 618, 619 (1980).[3] "The governing principle in the application of G. L. c. 279, § 33A, . . . is fair treatment of the prisoner." Commonwealth v. Blaikie, 21 Mass. App. Ct. 956, 957 (1986). "Fairness is the basic touchstone, and is the appropriate measure in determining whether and to what extent credit for time spent in custody shall be given." Commonwealth v. Ridge, 470 Mass. 1024, 1024 (2015).

The Commonwealth initially argues that the motion judge had no authority to award the defendant jail credit where there was no express basis under the Massachusetts Rules of Criminal Procedure to disturb the sentencing judge's original sentence. In making this argument, the Commonwealth identifies Mass. R. Crim. P. 29 (a), as appearing in 489 Mass. 1503 (2022); 30 (a), as appearing in 435 Mass. 1501 (2001); and 42, 378 Mass. 919 (1979); as the only viable procedural mechanisms available to the defendant for requesting application of jail credit. We disagree.

_____

[3] A companion statute, G. L. c. 127, § 129B, contains similar provisions addressed to the Commissioner of Correction. Commonwealth v. Grant, 366 Mass. 272, 274 (1974).

Our courts have routinely heard motions for jail credit on the merits without referencing the rules cited by the Commonwealth. See, e.g., Commonwealth v. Caliz, 486 Mass. 888, 890-891 (2021); Commonwealth v. Schmitt, 98 Mass. App. Ct. 403, 403-408 (2020); Commonwealth v. Barton, 74 Mass. App. Ct. 912, 912-913 (2009). This is true even where the impetus for the motion was the vacatur of an unrelated sentence rather than an allegation of error or injustice in the original sentence. See, e.g., Caliz, supra at 890; Commonwealth v. Holmes, 469 Mass. 1010, 1010-1011 (2014). It is apparent that we do not impose such a narrow procedural framework on motions for jail credit as the Commonwealth proposes. See Commonwealth v. Maldonado, 64 Mass. App. Ct. 250, 251 (2005), quoting Manning v. Superintendent, Mass. Correctional Inst., Norfolk, 372 Mass. 387, 394 (1977) ("We reject 'an overly legalistic approach' toward jail credit matters . . .").

This case presents a unique situation, but we are guided by well-settled rules of fair treatment for a defendant who has been charged with related crimes spanning two counties. Once the Plymouth judge vacated the jail credit on the Plymouth case, the defendant's jail credit was unallocated.[4] The motion judge

_____

[4] Although the Commonwealth contends that the Plymouth judge erroneously vacated the defendant's jail credit, we express no opinion on that issue. Because that case is not before us, our

6

reviewed the Hampden plea transcript and found that it "reveal[ed] a clear intent by the sentencing judge . . . that the defendant receive credit that he was entitled to 'for this case.'"  The motion judge reasonably inferred that "the [sentencing] judge did not intend to deny the defendant credit entirely for the Hampden case if he had not taken the credit in the Plymouth case."

Given the circumstances of the Plymouth vacatur and the presently unallocated jail credit, the motion judge determined that the defendant was entitled to the 711 days for which the defendant was simultaneously held on both cases prior to the commencement of the Plymouth case sentence.  In doing so, the motion judge awarded the defendant so much of the requested credit as was consistent with the express intentions of the sentencing judge.  We conclude that the motion judge did not abuse his discretion or err.  We also agree with the motion judge that we are not presented with a case of a defendant improperly "banking" time in custody.  See Commonwealth v. Milton, 427 Mass. 18, 19 (1998) ("defendant is not entitled to receive credit for time he served awaiting trial on a prior, wholly unrelated charge").

_____

review is limited to the motion judge's decision in the Hampden case.

7

The Commonwealth advances in essence two arguments that the defendant was not entitled to the credit on the Hampden sentence based on considerations of fairness. Neither argument is persuasive.

First, the Commonwealth argues that the Plymouth judge's order denying credit was improper and that the unallocated credit "was a problem of [the defendant's] own making" from which the defendant should not be permitted to benefit. The Commonwealth contends that to hold otherwise unfairly allows the defendant to restructure a lawfully imposed sentencing scheme and seek credit on a subsequent higher sentence. If the Commonwealth disagreed with the legality of the Plymouth judge's order denying credit, its remedy was to file an appeal from the order in the Plymouth case. Nothing in the record demonstrates that the Commonwealth appealed from the Plymouth order, and it is not before us. Our review is therefore limited to the decision of the motion judge in the Hampden case and not of the Plymouth judge. In assessing whether there was a special consideration of fairness to support the defendant's motion for jail credit, the motion judge did not err by accepting that

there was unallocated credit without questioning the propriety of how the credit became unallocated.[5]

Second, the Commonwealth attempts to undercut the defendant's argument that fairness favors granting him the benefit of the unallocated credit, citing to Ridge and Barton. See Ridge, 470 Mass. at 1025 (holding motion judge was not obligated to grant defendant's request for credit on agreed-on sentence for which defendant had "received what he bargained for," since "fundamental fairness does not require more"); Barton, 74 Mass. App. Ct. at 915 (explaining that after first sentencing judge credited first county sentence with time that "is wholly inclusive of the period the defendant claims as credit on the [later-imposed second county] sentence . . . , there is no special consideration of fairness that supports the credit that the defendant seeks"). However, Ridge and Barton are distinguishable from this case. First, neither of those cases involved vacatur of the first county sentence. See generally Commonwealth v. Sallop, 472 Mass. 568, 570-572 (2015) (recognizing resentencing judge's discretion following vacating sentence). Second, neither of the motion judges in those cases

_____

[5] The Plymouth case was not before the Hampden motion judge, and the Hampden judge was not in a position to evaluate the propriety of the Plymouth judge's order that led to the unallocated credit.

9

were confronted with unallocated jail credit.  We conclude that the circumstances here, involving the defendant's commission of a crime in Hampden County and flight with the murder weapon into Plymouth County, do implicate special considerations of fairness that were not present in <u>Barton</u> or <u>Ridge</u>, and the motion judge did not abuse his discretion or otherwise err by allowing the motion for jail credit.

<u>Order entered on February 11, 2025, allowing defendant's motion for jail credit affirmed</u>.

By the Court (Hand, Hodgens & Tan, JJ.[6]),

Clerk

Entered:  January 22, 2026.

---

[6] The panelists are listed in order of seniority.